Clements v. Cates.

---

# CLEMENTS V. CATES.

1. TENANTS IN COMMON BY DESCENT: *Trust relation existing between.*

   The rule which forbids a trustee and all other persons occupying a fiduciary position, from taking any personal advantage, touching the thing or subject as to which such fiduciary position exists, applies to tenants in common by descent, with 'the same force and reason as to persons standing in a direct fiduciary relation to others.

2. SAME: *Purchase by one, of outstanding title.*

   One of several tenants in common by descent cannot take advantage of his contestants by purchasing an outstanding title and asserting it against them; and the fact that their common ancestor had no title or a defective title, will not prevent the purchaser in such case from being declared a trustee of the property purchased, for his co-tenants.

Clements v. Cates.

3. STATUTE OF LIMITATIONS: *Of seven years: Married women: Minors.*

In an action to have the purchase of a tract of land by the defendant, declared a purchase in trust for the benefit of all the parties to the action, a plaintiff who was a married woman at the beginning of the adverse possession relied on by the defendant, and who so continued to be until the commencement of the action, is not barred by the seven years' statute of limitations. Nor will her co-plaintiffs, who were minors when the action was commenced, be barred without showing that such adverse possession began in the life time of their mother under whom they claim.

APPEAL from *Prairie* Circuit Court in Chancery.

M. T. SANDERS, Judge.

*J. E. Gatewood* for appellant.

1. Samuel Clement having no title, none descended to his heirs, and they were in no sense co-tenants, nor was there any relation of trust between them. *1 Perry Trusts, sec. 13; ib., secs. 24, 25, 26, 27.* Neither the heirs nor their ancestor had any title, and there could be no relation of co-tenancy.

2. Appellees are barred by the statute of limitations of seven years.

*C. E. Warner* for appellees.

Appellant and appellees were co-tenants by descent. Appellees acquired title by adverse possession against Joseph Boydson, the adult heir, and appellant as a co-tenant could not buy an outstanding title, and set it up to defeat his co-tenants. His purchase inured to the benefit of appellees. *1 Paige Chy., 158; 9 id., 662; 32 Am. Dec., 70; 36 id., 178; 58 Penn. St., 412; Freeman Cot. and Part., sec. 151; 2 Sneed, 599; 20 Ark., 381; 42 id., 25; 26 id., 445; 2 Story Eq. Jur., sec. 1211; 36 Am. Dec., 178; 28 id., 74; 11 Mo., 433; Freeman Cot. & Part., 86, 87, 103, 150–1, 152–3.*

2. Appellees were not barred. Mrs. Cates was a married woman. *42 Ark., 305.* The Davis children were minors when this suit was commenced.

BATTLE, J. In January, 1852, Benjamin A. Boydson died seized and possessed of certain land in Prairie county, in this State. He died intestate, leaving surviving him Jane Boydson, his widow, and Joseph, Sarah Ann and Andrew Jackson Boydson, his only heirs and distributees at law. Jane, his widow, intermarried with Willis Price, who, on the 7th of October, 1857, after his marriage, attempted to convey the land, by warranty deed, to James A. Hunter. Price's wife joined with him in the execution of the deed, and thereby undertook to relinquish her dower in the land to Hunter. On the 26th of November following, Hunter conveyed to Samuel Clement, who took possession of the land and occupied it until some time in January, 1865, when he died intestate, leaving Sarah Clement, his widow, and John C. Clement, Martha Cates and Judy Davis, who were his children, his only heirs, him surviving. Sarah Clement continued in possession of the land after the death of her husband, until the latter part of 1871, when she died. In December, 1867, John C. Clement went to his mother, Sarah Clement, and lived with her on the land until her death. Judy Davis also lived on the land with them for a short time, and then died intestate, leaving John and Annie Davis, her only children and heirs, surviving. On the 31st of January, 1872, after the death of his sister, Judy Davis, John C. became the guardian of John and Annie Davis, who at that time were respectively three and five years old, and remained such guardian until 1881, when he was discharged. On the 22d of February, 1872, John C. purchased of Andrew J. and Sarah Ann Boydson their interest in the land. After this he remained in the possession of the land, improved, paid taxes on it, and enjoyed, exclusively, the rents and profits arising there-

Clements v. Cates.

from; and at the time this action was instituted was using, holding, and claiming it as his own.

Martha Cates, and John and Annie Davis, by their next friend, brought this action against John C. Clement, in the Prairie Circuit Court, and asked in their complaint that the purchase of defendant be declared a purchase in trust for the use and benefit of the parties to the action, and that the defendant be declared a trustee for plaintiffs, and be charged with the rents and profits, and that the land be sold for partition. The defendant answered. After hearing the evidence, the court decreed and declared that the defendant held the land in trust for plaintiffs, and that he and they were joint owners thereof; and appointed a master, and directed him to take proof and state an account of the rental value of the land for 1872 and every year thereafter, and charge the defendant with such rent, and also ascertain the value of the improvements made on the land and the taxes paid on it by the defendant, and credit him therewith and with the amount paid for the land when he purchased it. No order was made for the sale or partition of the land. Defendant appealed.

The law forbids a trustee, and all other persons occupying a fiduciary or *quasi* fiduciary position, from taking any personal advantage, touching the thing or subject as to which such fiduciary position exists; or, as expressed by another, "wherever one person is placed in such relation to another, by the act or consent of that other, or the act of a third person, or of the law, that he becomes interested for him or interested with him in any subject of property or business, he is prohibited from acquiring rights in that subject antagonistic to the person with whose interest he has become associated." If such a person acquires an interest in property as to which such a relation exists he holds it as a trustee for the benefit of those in whose interest he was prohibited from purchasing, to the extent of the prohibition. This rule applies to tenants in common

1. Tenants in Common by Descent: Trust relation existing between.

by descent, with the same force and reason as it does to persons standing in a direct fiduciary relation to others. For they stand by operation of law in a confidential relation to each other, as to the joint property, and the duty is imposed on them to protect and secure their common interests. They have a community of interest which produces a community of duty, and imposes on each one the duty to exercise good faith to the others. Neither one can take advantage of the others by purchasing an outstanding title or incumbrance and asserting it against them. Such an act would be inconsistent with good faith, and "against the reciprocal obligations to do nothing to the prejudice of each other's equal claims which" their relationship created. Such a purchase, notwithstanding the design of the one making it was to the contrary, would be for the common benefit of all the co-tenants, and the legal title acquired would be held in trust for the others, if they should choose, within a reasonable time, to claim the benefit thereof, by contributing, or offering to contribute, their proportion of the purchase money. *Brittin v. Handy, 20 Ark., 402; Van Horne v. Fonda, 5 John. Chy., 407; Sneed v. Atherton, 6 Dana, 276; Venable v. Beauchamp, 3 Dana, 321; Rothwell v. Dewees, 2 Black., 618; Mandeville v. Solomon, 39 Cal., 125; Freeman on Co-tenancy and Partition, 2d ed., secs. 151–163; Bispham's Principles of Equity, 3 ed., secs. 92, 93.*

2. SAME:
Purchase by one, of outstanding title.

But appellant denies that he sustains the relation of co-tenant to appellees, because he says their father had no title to the land in controversy. It may be true that Samuel Clement acquired no title by his purchase, but it is evident that his heirs had acquired title to one undivided third of the land by adverse possession, when appellant purchased, Joseph Boydson being barred. So at the time of his purchase they were tenants in common of a title. But it was not necessary that Samuel Clement should have title to the land in order to have created, between his children, that relation of trust and confidence

which exists between co-tenants by descent. When he died his widow continued in possession, and a part of the time two of his children, appellant and Judy Davis, occupied it jointly with her. They held as the heirs of Samuel Clement, with their mother, under the deed of Hunter. In taking possession and holding in this way they held as tenants in common and acknowledged the heirs of Samuel Clement as co-tenants. Under the statutes of this State they could not have held other-- wise. Appellant, in a settlement which he filed as guardian of John and Annie Davis, in effect, acknowledged this fact. Now, to hold that appellees are not entitled to the benefit of the pur- chase of appellant because their father had not a legal title at the time of his death, would be a denial of the rule forbidding one co-tenant by descent taking advantage of a defect in the common title by purchasing an outstanding title or incumbrance and asserting it against his companions in interest. Where is the difference between a *want of title* and a *defective* title? If the outstanding title is paramount to that of the co-tenants, they have in fact *no title*. To hold, therefore, that those hold- ing as co-tenants are only bound by the rule when they have title, is holding that they are bound by it only when it can afford no protection to one against the others; and that they are free to disregard the relation of trust and confidence the rule was adopted to uphold and encourage, and free to violate the good faith it was intended to inculcate, except when neither can injure the other.

Appellant pleaded the seven years' statute of limitation in bar of appellee's right of recovery. Martha Cates was a mar- ried woman before the death of Samuel Clement and remained such until after the commencement of this action. There is no evidence of an adverse holding by appellant in the lifetime of Judy Davis. John and Annie Davis were minors when this suit was instituted. It follows this action was not barred by the seven years' statute.

3. STATUTE OF LIMITATIONS: Of seven years: Married wo- men: Minors.

It appears that appellant, while he was guardian, paid out money for his wards on account of their interest in the land in question, and charged himself with the pretended value of that interest and credited himself with the various amounts alleged to have been paid out for them, in his settlement, and that this settlement was confirmed and he has been discharged as such guardian. As he who seeks equity should do equity, we suggest that in the account to be stated between appellant and appellees, the court below require the master to ascertain the amount lawfully expended by appellant for his wards while he was such guardian, and credit him with the same against any amount that is or should be due John and Annie Davis from appellant in this action; and that appellant be credited in the account with 6 per cent. per annum interest on the money paid by him in the purchase of the land in controversy from the date of payment.

Decree affirmed.