BUREL *v.* BAKER.

Opinion delivered February 1, 1909.

1. TRUST—RELATION OF CONFIDENCE.—A mother occupies a relation of trust or confidence to her children which precludes her from purchasing their land. (Page 171.)

2. SAME—PURCHASE OF TRUST PROPERTY WITH NOTICE.—One who acquires land from a trustee with notice of the trust is not an innocent purchaser, but takes subject to the trust. (Page 171.)

3. SAME—One who with notice purchases land from another who holds it as trustee takes subject to such trust, even though the title was procured through an innocent third person who paid nothing for the land and acted merely as a medium for transmitting the title. (Page 171.)

4. TAXATION—REDEMPTION OF HOMESTEAD BY MINOR HEIR.—An infant heir has such an interest in his deceased father's homestead as will entitle him to redeem the whole of it from a tax sale. (Page 172.)

5. HOMESTEAD—RIGHTS OF MINOR CHILDREN.—The right of a decedent's infant children to hold his homestead until they arrive at twenty-one years of age is superior to the rights of the adult children and the widow or of any one claiming under them. (Page 172.)

6. SAME—EFFECT OF WIDOW'S CONVEYANCE.—By conveying to another her dower in her deceased husband's homestead, a widow will be held to have abandoned her claim of homestead therein. (Page 172.)

7. SAME—UNASSIGNED DOWER—INFANT HEIRS.—One who purchases the interests of certain adult heirs and of the widow in the homestead of a deceased person while other heirs are under age will be entitled in equity to assert his rights after all the minor heirs reach majority. (Page 172.)

Appeal from Lawrence Chancery Court, Eastern District; *George T. Humphries,* Chancellor; affirmed with modification.

*W. E. Beloate,* for appellant.

1. There is not the least intimation of any insufficiency in the value for which the land sold—no allegations of fraudulent combination to suppress bidders. Nor is there any evidence of any irregularities except clerical, and such are not sufficient to attack a decree collaterally. 49 Ark. 416.

2. Mrs. Baker was an adult, and she lost her right by failing to appeal, and her interest goes to Mrs. Fletcher's grantee. Chancery courts have no power to reopen a decree of foreclosure, where there is no fraud, etc. 72 Ark. 67.

3. Three of the heirs have quitclaimed their interest since

they became of age, and the widow has conveyed her dower, and the court could not vest the fee in plaintiffs, but only the homestead right.   62 Ark. 62.

W. A. Cunningham and H. L. Ponder, for appellees.

1.   Mrs. Fletcher was a party to the suit declaring her a trustee.   She was sui juris, and she failed to appeal.   Hence it binds her.   She is also estopped.

2.   Dower was never assigned to the widow, and her sale carries no title.   62 Ark. 313.

3.   The widow abandoned her homestead rights by her conveyance.   65 Ark. 68.

McCULLOCH, J.   This case involves the title to a tract of land containing forty acres which was owned by L. F. Fletcher, now deceased, who was the father of the plaintiffs.   It constituted a part of his homestead, which contained eighty acres, the tract in controversy being denominated in the pleadings and evidence as the south forty.   Fletcher mortgaged the whole eighty acres to the defendant, Lizzie Burel, to secure an indebtedness to her of $850, and died without being paid any of the debt, leaving his widow, Alice P. Fletcher, and several infant children. Mrs. Burel instituted a suit in equity against the widow and children to foreclose the mortgage, and obtained a decree of foreclosure, but, before the land could be sold by the commissioner, she discovered that the lands were not correctly described in the mortgage nor the decree, and she then abandoned that decree and instituted another suit in equity to have the mortgage reformed so as to correctly describe the land and to foreclose it. She obtained a decree in that suit giving her the relief for which she prayed, and the land was sold by a commissioner pursuant to the decree.

The land was purchased at the sale by Alice P. Fletcher, the widow of L. F. Fletcher, pursuant to an agreement made by her with Mrs. Burel that she should purchase the whole tract and convey the north forty acres to the latter in satisfaction of the decree. This agreement was carried out by purchase of the land at the sale and conveyance of the north forty to Mrs. Burel, and Mrs. Fletcher retained the title to the south forty.

Subsequently Mrs. Burel instituted still another suit in equity

against the widow and children of L. F. Fletcher, setting forth in her complaint the facts hereinbefore recited and alleging that the sale of the lands under decree was void because the defendants in that suit had not been summoned. She prayed either that the sale be confirmed, or that her mortgage be corrected and foreclosed as in the former suit. The court in that suit rendered a decree vesting the title to the north forty acres in Mrs. Burel (then Mrs. Kerschner), and confirmed the title to the south forty acres in said Alice P. Fletcher "as trustee for her said minors, subject to the dower and homestead right of the widow."

Mrs. Fletcher afterwards executed a deed to one Rushton, purporting to convey said south forty acres to him; Rushton conveyed it to Kerschner, the defendant's husband, and he conveyed it to defendant.

The present action was instituted at law by the children of L. F. Fletcher against the defendant, Mrs. Burel, to recover possession of said south forty-acre tract of land, and was afterwards transferred to the chancery court. They set forth the foregoing facts in the complaint, and also allege that they are all infants under age except the plaintiff Nancy Baker, who is of full age and married.

The defendant answered the complaint, asserting title to the land in controversy under the sale by commissioner in chancery to Mrs. Fletcher and her conveyance to Rushton. She also claimed title under a sale to Mr. Beloate by the collector for taxes, and his conveyance of the land to her. She also alleged that in the foreclosure suit all of the plaintiffs in the present suit were summoned as defendants, and that the foreclosure sale was valid. The plaintiffs then filed a supplemental plea, offering to redeem the land from the tax sale, and made a tender of the amount of money necessary to redeem.

We pretermit any discussion of the question of fact whether or not the plaintiffs were summoned in the foreclosure suit, or whether as a matter of law the defendant, Mrs. Burel, is estopped by the allegations of the complaint in her so-called confirmation suit to assert that they were summoned, or whether that part of the decree in the confirmation suit which vested title to the south forty in Mrs. Fletcher as trustee for her children was within the issues in that case so as to make that part of the decree valid.

We find another question which is decisive of the case.

Mrs. Fletcher was, at the time she purchased the land in controversy at the foreclosure sale, in possession of it jointly with her infant children, enjoying it as the homestead of the deceased husband and father. She paid nothing for the land, and the effect of her purchase was in equity and good conscience merely to redeem it from the mortgage for the benefit of herself and her children. She had no right to deprive her children of their homestead in this manner. It was her duty to protect the rights of her children, rather than to extinguish them, and when she violated that duty a court of equity will hold her to be a trustee for the children and deal with the acquired title accordingly.

"As a general rule," said this court, "a party occupying a relation of trust or confidence to another is, in equity, bound to abstain from doing everything which can place him in a position inconsistent with the duty or trust such relation imposes on him, or which has a tendency to interfere with the discharge of such duty. Upon this principle, no one placed in a situation of trust or confidence in reference to the subject of a sale can be the purchaser, on his own account, of the property sold. If such a one purchases the property, it is in the option of the person interested in the property, and to whom the relation of trust or confidence was sustained, to set aside the sale within a reasonable time, however innocent the purchaser may be." Hindman v. O'Connor, 54 Ark. 627.

In the present case Mrs. Fletcher not only occupied a relation to her children which precluded her from purchasing their land, but she paid nothing for it. In effect, she merely rescued it from the foreclosure, but she took advantage of the opportunity to have the legal title vested in herself.

Neither the defendant nor her husband, Kerschner, nor his grantor, Rushton, were innocent purchasers. The defendant was a party to the suit in which the decree was rendered declaring Mrs. Fletcher to be a trustee for her children. Whether that decree was valid or not, it served as notice to the defendant that the children of L. F. Fletcher had rights in the property, and that their mother stood as trustee for them. Moreover, the agreement between the defendant and Mrs. Fletcher whereby the latter was to obtain title at the sale was, of itself, sufficient to put

the defendant on notice that Mrs. Fletcher was to acquire title to the land in violation of her duty to her children. In fact, the agreement made her a party to the wrong, and she cannot be heard to say that she had no notice of it. The evidence establishes the fact that Rushton was a mere tool of Kerschner's, and paid nothing for the land. Kerschner had it conveyed to him as a cover to conceal the true ownership, and afterwards took a conveyance to himself, and then conveyed to his wife, the defendant.

The infant plaintiffs were entitled to redeem the land, which was their father's homestead, from the tax sale to Beloate, under which defendant asserts title. They were entitled to redeem, not only their interests, but also the whole of the tract. *Seger* v. *Spurlock,* 59 Ark. 147; *Cowley* v. *Spradlin,* 77 Ark. 190.

The defendant contends that she purchased the interests of some of the children after they came of age, and should be protected as to those interests. Also that the unassigned dower of Mrs. Fletcher passed to defendant under the deed from the former. The infant plaintiffs are entitled to hold the homestead until they arrive at twenty-one years of age, and the rights of the older children and the dower rights of the widow yield to the rights of the infants. Mrs. Fletcher's conveyance operated as an abandonment of her further claim to the homestead. The decree in the case awarding possession of the land to the plaintiffs will not affect the right of the defendant, after the infants come of age, to assert her claim of interests in the land alleged to have been acquired by purchase from some of the adult heirs and the unassigned dower of the widow which passed to the defendant under the widow's deed to Rushton. *Weaver* v. *Rush,* 62 Ark. 51.

The decree is modified in so far as it attempts to quiet and confirm the title to the land absolutely in the plaintiffs. In other respects the decree is affirmed. The modification being substantial, the costs of appeal will be divided between appellant and appellees.