## HAWKINS *v*. REEVES.

### Opinion delivered April 13, 1914.

1. LIFE ESTATE—CONVEYANCE TO A AND THE HEIRS OF HER BODY.—Where lands are conveyed to A. and the heirs of her body, A. acquires only a life estate in said lands. (Page 392.)

2. ESTATE FOR LIFE—RIGHT OF LIFE TENANT UNDER FORECLOSURE.—A life estate in land, covered by a mortgage, was conveyed to A., who occupied the confidential position of natural guardian to the remainderman, who was a minor. The mortgage was foreclosed, and the land was purchased at the sale by A. *Held.* A. can not by suit in chancery have the title confirmed in her as against the remainderman, because of their confidential relationship. (Page 393.)

Appeal from Greene Chancery Court; *Chas. D. Frierson,* Chancellor; affirmed.

STATEMENT BY THE COURT.

November 30, 1887, W. H. Sollis executed a mortgage to the American Mortgage Company on a certain tract of land in Greene County to secure à note of the mortgagor of the same date. He afterward conveyed the same land to appellant and the heirs of her body, warranting the title against all lawful claims except the mortgagee's. After this Sollis died. The mortgage was afterward foreclosed by suit in chancery court against the administrator and heirs of Sollis. At the sale made under the direction of the chancery court, appellant purchased the land, paying therefor the sum of $718, and received a deed of the commissioner, which was duly approved by the court.

On the 10th day of December, 1912, appellant filed her petition in the Greene Chancery Court to confirm title, under section 661 of Kirby's Digest *et seq.*, alleging that she was the owner of the land described by reason

of the conveyance mentioned, and that there was no person in possession of the property claiming title adverse to her unless it was the said defendant, Mary Pauline Reeves, etc. Summons was issued against the appellee and served upon her. Appellee at the time was a minor, about fifteen years old, and the only bodily heir of the appellant.

R. E. L. Johnson was appointed by the court guardian *ad litem* for the appellee, and on her behalf filed a demurrer to the petition, setting up that it did not state facts sufficient to constitute a cause of action. The guardian *ad litem* also filed an answer, denying specifically each of the allegations of the complaint.

Upon the hearing, the proceedings of the chancery court under which appellant obtained her title were introduced, and tax receipts for the years 1910, 1911 and 1912. The court found that the proceedings for confirmation as to notice, tax receipts, etc., were in due form. The court, after hearing the argument, offered to grant petitioner leave to amend her petition so as to ask a foreclosure of the lien in her favor against the property described in the petition. The petitioner declined to amend, but stood upon her petition. The court thereupon sustained the demurrer and dismissed the petition for want of equity.

*Hawthorne & Hawthorne,* for appellant.

1. The deed to appellant "and the heirs of her body" would at common law have the effect of creating an estate-tail. 2 Blackstone, 110 *et seq.;* 1 Tiffany, Real Prop., § 22 *et seq.;* Tiedeman, Real Prop. (3 ed.), § 36 *et seq.*

Such estates by our statutes are converted into life estates in the first taker, with remainder in fee simple, absolute to the person to whom the estate-tail would first pass under the conveyance. 44 Ark. 458; 67 Ark. 517, 55 S. W. 950.

2. The judgment of foreclosure and the decree of confirmation in the case of *American Mortgage Company* v. *Reeves et al.,* completely determined the rights of the

appellant and appellee in the property.  106 Tenn. 607,
82 Am. St. Rep. 902; 85 Minn. 333, 89 Am. St. Rep. 558;
95 Va. 721, 30 S. E. 374; 136 N. Y. 10, 32 N. E. 704; 170
Mass. 328, 49 N. E. 652; 90 Ark. 166, 118 S. W. 250.

3.  By the purchase of the property at the commis-
sioner's sale, appellant acquired the fee simple title
thereto.  The mortgage was foreclosed for non-payment
of the principal debt.

A life tenant is under no duty to discharge the prin-
cipal of a mortgage incumbrance, although charged with
the duty of the payment of interest and taxes.  1 Tiffany,
Real Prop. 75, § 32, and authorities cited; Tiedeman,
Real Prop. (3 ed.), § 54; 4 Kent's Com. 18; 1 Washburn,
Real Prop. 96.

A tenant for life occupies no position of trust or
confidence to the remainderman, nor is he under any
obligation to him regarding outstanding titles.  36 Minn.
103, 1 Am. St. Rep. 656; 19 S. W. 111; 125 Mich. 137;
84 N. W. 59; 84 Am. St. Rep. 563.

A co-tenant, irrespective of the origin or mode of
creating the co-tenancy, is not disqualified from purchas-
ing the interest of his co-tenant at an execution or judi-
cial sale.  20 Ark. 381; 90 Ark. 166; 7 Cal. 588; 65 Ill.
258; 21 N. C. 524, 31 Am. Dec. 399; 83 S. C. 165, 65 S. E.
257; 132 Pa. St. 36, 18 Atl. 1090.

*R. E. L. Johnson,* for appellee.

1.  The deed from Sollis to appellant vested in her
a life estate merely, and the fee simple title in the heirs
of her body.

Occupying the relationship that she did toward ap-
pellee, the appellant acquired no title by the purchase at
the commissioner's sale that she could enforce as against
appellee.  54 Ark. 627; 84 S. W. (Ark.) 721; 94 Ark. 171.

2.  Appellee is not bound by the foreclosure pro-
ceedings and decree of confirmation.  Infant defendants
have until twelve months after arriving at majority in
which to appeal from a judgment or decree.  55 Ark.
22; 70 Ark. 415.

WOOD J., (after stating the facts). 1. Appellant, under our statute and decisions, acquired a life estate to the land in controversy by virtue of the deed of Sollis to her. *Horsley et al.* v. *Hilburn et al.*, 44 Ark. 458; *Wilmans* v. *Robinson*, 67 Ark. 517.

Her purchase of the land at the foreclosure sale gave her no title which she could confirm as against the appellee. Appellant was the natural guardian of appellee. Kirby's Digest, § 3757.

In *Hindman* v. *O'Connor*, 54 Ark. 627, on petition of the curator of the estate of minor children the probate court ordered a sale of certain lands belonging to them. The land was purchased by one who stood in the relation of *quasi*-natural guardian to the minors at their request. The sale was reported to and confirmed by the court. In that case we said: "No one placed in a situation of trust or confidence in reference to the subject of the sale can be purchaser on his own account of the property sold." And, after reviewing many cases of our own and other courts, Judge BATTLE, speaking for the court, said: "The doctrine as to purchases by trustees, guardians, administrators and persons having a confidential character arises from the relation between the parties, and not from the circumstances that they have power to control the sale." Again: "If the trustee, or other person having a confidential character, can buy in an honest case, he may in a case having that appearance, but which may be grossly otherwise; and yet the power of the court, because of the infirmity of human testimony, would not be equal to detect the deception. It is to guard against this uncertainty and the hazard of abuse, and to remove the trustee and other persons having confidential relations from temptation, that the rule does and will permit the *cestui que trust* or other person to come, at his option, and, without showing actual injury or fraud, have the sale set aside."

In the recent case of *Burel* v. *Baker*, 89 Ark. 168, we held that a mother occupies a relation of trust or confidence to her children which precludes her from pur-

chasing their land. If the purchase at foreclosure sale by a mother, a life tenant, of lands belonging to the heirs of her body gives her no title which she could hold against them, and which could be set aside at their instance, then, of course, it necessarily follows that she could not have a title, which she had acquired by purchase of their lands, confirmed as against them. The doctrine announced in the above and other cases of our own court necessarily rules the question under consideration. See other cases cited there.

Appellant relies upon cases which hold that the relation of the life tenant to the remainderman is not of such a fiduciary character that he can not purchase the property at a foreclosure sale which will give him a fee simple title. But there is a contrariety of view as to whether or not the purchase by a life tenant of an outstanding title gives him a fee simple title—one that he can assert against the rights of the remainderman. The solution of that question does not arise upon the facts alleged in the complaint under review. It is the fact of fiduciary or confidential relation, and not the fact of her life tenancy, that precludes the appellant from the right to purchase, and the right to have the title acquired by her purchase at the foreclosure sale confirmed as against the appellee. Therefore, the authorities which merely hold that a tenant for life occupies no position of trust or confidence to the remainderman, where no relation of trust or confidence is shown, are not applicable to the facts disclosed by this record.

2. Appellant contends that appellee was bound by the decree of foreclosure, and that the approval of the deed under that decree gave appellant title as against the appellee. But the issue now between appellant and appellee was not raised and could not have been raised in the foreclosure proceedings. Appellant is seeking to quiet title against appellee and the burden is upon appellant to show that she has title to quiet. This she fails to do.

3.    The appellant next contends that she should recover in this action, as the appellee in order to defend, should have offered contribution.    The record shows that the court "offered to grant petitioner leave to amend her petition so as to ask a foreclosure of the lien against the property described in the petition to confirm."    This the appellant declined, but stood upon her petition.    The only question, therefore, is as to whether her petition stated a cause of action.    The court correctly ruled that it did not.

The judgment is therefore affirmed.