RUSSELL *v.* SUDDOTH.

Opinion delivered March 27, 1916.

1. HOMESTEAD—CLAIM OF—BURDEN OF PROOF.—The burden of proving that certain land was their father's homestead is upon the children asserting that fact.

2. HOMESTEAD—PETITION OF WIDOW AND CHILDREN—ADMISSIBILITY.—In an action to have certain lands declared the homestead of petitioner's father, a petition of the widow and said children in the probate court claiming other land as homestead and asking for the rents on the land in controversy is admissible.

3. EVIDENCE—PETITION OF ADULT CHILD—HOMESTEAD—ADMISSION AGAINST INTEREST.—The petition in the probate court, above set out, is admissible, as an admission against interest, as to one of the heirs who was of age when the petition was presented.

4. HOMESTEAD—ACTS OF WIDOW—RIGHTS OF CHILDREN.—A widow can not impress the lands of her deceased husband, after his death, with the homestead character, nor can she abandon the homestead and thereby in any wise affect the homestead rights of the minor children.

5. HOMESTEAD—RIGHT OF WIFE DURING LIFE OF HUSBAND.—The wife has the right in the lifetime of the husband to claim the homestead exempt from execution sale if he fails or refuses to do so.

6. HOMESTEAD—CHILDREN'S RIGHT—RIGHT OF WIDOW TO ASSERT CLAIM.—After the death of the husband and father, the widow can not

select for the minors a homestead from deceased's land, but she may, acting for them, set up a claim of homestead in land, upon which the homestead character had been impressed, and if the matter is in doubt, to have determined what was, in fact, the homestead.

Appeal from Phillips Circuit Court; *J. M. Jackson,* Judge; affirmed.

### STATEMENT BY THE COURT.

Appellants, children of P. T. Baugh, brought this suit to recover possession of 2 2-20 acres of ground in the village of Turner, alleged to have been the homestead of the deceased, their father, and occupied by them as such at the time of his death.

The answer denied that the land in controversy was the homestead of the father of appellants at his death and alleged that appellees were the owners of the north half thereof, through different mesne conveyances from J. C. Terry, who purchased the same at the administrator's sale thereof, by order of the probate court, for the payment of the debts of the estate of their said father. They disclaimed any interest in the south half of the block and pleaded the five and seven year statute of limitations and also set up a claim for betterments.

It appears from the testimony that P. T. Baugh, the father of appellants, owned a farm about five or six miles from the village of Turner and resided thereon with his wife and family as his homestead; that he purchased the block of ground in controversy in the little village of Turner for $250 and moved his family to the small house on the south end thereof in order to obtain better school facilities for his minor children. He also while living in said village had a contract for carrying the mail. The family lived there from 1894 to the death of said Baugh in 1897 and they thereafter moved back to the farm.

Testimony was introduced tending to show that the residence in Turner was only temporary and in order that better educational advantages might be enjoyed by his children and that it was not the intention of the deceased to change his homestead from the farm to the block

of ground in the village of Turner. The testimony on this point was in conflict however, there being some from which it could have been inferred that such was the case.

The court permitted the introduction in evidence over appellant's objection of a certain petition of the widow and children of said Baugh in the probate court, stating that the farm was the homestead of the deceased and claiming the rents upon the adjoining lands thereto, her dower not having been assigned and also the statement of two witnesses, the administrator and his attorney, of the action of the court in sustaining the petition.

The court in instructing the jury gave over appellant's objection instruction numbered 5 as follows:

"The jury are instructed that upon the death of the father owning a homestead, the mother, acting for the children, has the right to set up for them a claim of homestead where the homestead might be either of several tracts of land depending upon the intention of the father as to the location of the family home at the time of his death; and where such claim is in good faith made and a homestead located, the children are bound thereby."

From the judgment on the verdict in appellee's favor, this appeal is prosecuted.

*Fink & Dinning,* for appellant.

1. The court erred in permitting the petition of M. J. Baugh to be introduced in evidence. The sole question at issue was whether the lands sought to be recovered were the homestead or not, and the *ex parte* petition of the widow was not evidence. 115 Ark. 359.

2. The court erred in permitting witnesses Horner and Burke to testify as to an order of court assigning certain farm lands as a homestead. Even if the record of the judgment had been properly kept and introduced in evidence, it would not have been competent, for the reason that plaintiffs were not parties. 66 Ark. 306; 87 *Id.* 418. A judgment can not be established by parol testimony. 87 Ark. 108; 90 *Id.* 5; 15 Wend. 397; 1 Black on Judgments, 107.

3. The court erred in giving instruction No. 5 for defendants. The widow has no right to select any one of several tracts of land as her homestead after the death of the husband. The question of homestead is one of fact to be determined by the jury. There can not be two homesteads and the widow has no right of selection. 71 Ark. 597; Thompson on Homesteads, § 2251. The act of the widow does not bind the children. 115 Ark. 359.

*Bevens & Mundt,* for appellee.

1. The petition of the widow for homestead was not *ex parte.* All the children signed it and were parties. The administrator, representing the creditors, was also a party and opposed it in court. Every one in interest was a party. It was admissible as part of the *res gestae,* showing the intent of P. T. Baugh. The intention of the head of the family is the principal test. 55 Ark. 55; 103 *Id.* 557; 101 *Id.* 101, 105; 21 Cyc. 620; 14 Fed. Cas. No. 7733; 43 S. W. 290; 47 *Id.* 52; 110 *Id.* 181.

2. No record entry of the judgment being found the testimony of Hornor and Burke was admissible. Jones on Ev., § 203; 32 Ark. 386; 54 Ind. 339; 132 *Id.* 312.

3. There is no error in instruction No. 5. There can be only one homestead, and this is a question of fact depending on the intention of the father as to location at the time of his death. *Martin* v. *Conner,* 115 Ark. 365; Kirby's Dig., § 3884.

4. The defendants were certainly entitled to judgment for improvements and taxes, etc., under the Betterment Act. Kirby's Digest, § 2754 to 2758; 53 Ark. 400; 47 *Id.* 456; 70 *Id.* 488. The betterment statute applies to infants. 48 Ark. 183; 72 *Id.* 539; 85 *Id.* 556; 86 *Id.* 404.

KIRBY, J., (after stating the facts). (1) It is contended that the court erred in allowing the introduction of said testimony and in the giving of said instruction numbered 5. The question at issue in the case was whether or not the probate sale of the lands in controversy to appellee's grantor was void on account of same being the homestead of their father, the deceased, at his death and

the burden of proof was upon appellants to show that fact.

(2-3) The petition introduced in evidence purported to be by the widow and all the children of the deceased, naming them, and the statements of the witnesses, the administrator and his attorney who resisted the claim made in the petition of the court's action thereon, were competent, as tending to show the location of the homestead of the deceased. It was also admissible as against the heir, whose name appeared in it as a petitioner, who was of age at the time it was filed, as an admission against interest, and as a statement contradictory of her testimony herein, and there was no attempt to show an adjudication by the probate court that the farm was the homestead of the deceased, claimed to be conclusive of the question herein. These facts were only introduced to throw such light as they might shed upon the question at issue and the testimony was competent.

(4-5) The widow can not of course impress the lands of the deceased after his death with the homestead character, nor can she abandon the homestead and thereby in any wise affect the homestead rights of the minor children. *Martin* v. *Conner,* 115 Ark. 365. The wife has the right in the life time of the husband, to claim the homestead exempt from execution sale, if he fails or refuses to do so, and select the homestead where the debtor has more land subject to the claim than the law allows to be exempt as a homestead. Kirby's Digest, section 3902.

(6) The court did not mean to tell the jury by the instruction complained of, as contended by appellant, that the widow had the right to select for the minors a homestead out of the lands of the deceased, but only that she had the right acting for them, to set up a claim of homestead of land, upon which the homestead character had been impressed and have determined what was in fact the homestead, the matter being in doubt.

We find no error in the record and the judgment is affirmed.