## SORRELS *v*. CHILDERS.

### Opinion delivered May 14, 1917.

1. HOMESTEAD—RELATION OF MOTHER TO CHILDREN—RIGHT OF WIDOW TO DEAL WITH THE PROPERTY.—Deceased's homestead lands were subject to mortgage. *Held*, deceased's widow, jointly with his minor children occupied the homestead, and that her fiduciary relation precluded the mother and widow, as natural guardian for the minor children, from dealing with the mortgaged premises in any manner which would not inure to their benefit as well as to hers, and the widow did not acquire an absolute title by purchasing the lands at foreclosure sale.

2. TRUSTS—TRUST RES—RIGHT OF FIDUCIARY TO DEAL THEREWITH TO HIS OWN ADVANTAGE.—The law forbids a trustee, and all other persons occupying a fiduciary or *quasi*-fiduciary position, from taking any personal advantage touching the thing or subject as to which such fiduciary position exists.

Appeal from Pope Chancery Court; *Jordan Sellers,* Chancellor; affirmed.

*Jas. H. Johnson,* for appellant.

1. The widow Sarah E. acquired a complete title by buying the Sisney note and mortgage and by foreclosing and purchasing at the sale. Sorrels became an innocent purchaser and has a valid title. The widow succeeded to all the rights of Sisney. 51 Ark. 105; 43 *Id.* 504; 101 *Id.* 543; 53 *Id.* 185; 27 Cyc. par. "C," p. 1207 and "E," p. 1299 and "A" 1449, etc.; 47 Ark. 515; 95 Mich. 71; 54 N. W. 701; 40 Hun. (N. Y.) 376; 122 Ark. 341.

2. There was no fraud and no trust created. 114 Ark. 128; 89 *Id.* 168.

*J. T. Bullock,* for appellees.

1. Upon the payment of the mortgage debt and interest, appellees are entitled to recover the land. The widow merely purchased the outstanding incumbrance, and she became a trustee and could not purchase nor sell as an individual. 20 Ark. 381; 49 *Id.* 242; 54 *Id.* 627; 23

*Id.* 622; 89 *Id.* 168.   Sorrels is not an innocent purchaser having full knowledge of the whole matter.   96 Ark. 573. See 20 Ark. 402; 54 *Id.* 627; 89 *Id.* 168; 96 *Id.* 573; 5 Johns. Chy., 407; 6 Dana. 276; 3 *Id.* 321; 2 Black. 618; 39 Cal. 125; Bispham Princ. Eq., § § 92-3; 49 Ark. 242, and cases *supra.*

### STATEMENT BY THE COURT.

The facts in this case are succinctly stated by counsel for appellant as follows:

On the 17th day of February, 1896, G. W. Childers and Sarah E. Childers, his wife, mortgaged to A. J. Sisney a tract of land in Pope County, consisting of 120 acres, to secure the payment of a promissory note given by Childers on that date for the sum of $600.   G. W. Childers died on the 17th of August, 1902, leaving the note, with accrued interest thereon, for more than two years, unpaid.

On the 21st of March, 1904, Mrs. Sarah E. Childers, the widow, sold a tract of land which she owned in her own right and used the money thus obtained to purchase the note and mortgage given by G. W. Childers to A. J. Sisney, and Sisney, the mortgagee, duly assigned the same to Mrs. Childers.

On the 22d of October, 1904, thirty-nine acres of the land embraced in the mortgage were sold by Mrs. Sarah E. Childers under the power of sale contained in the mortgage, and at this sale Mrs. Childers bought the land for the sum of $765, the amount of the note and mortgage debt with interest due to that date.

During the year 1904, Mrs. Childers was married to T. J. Holland, and some time after this marriage Holland and his wife, Sarah E., mortgaged the 39 acres which Mrs. Childers had bought at the mortgage sale to one Correthers to secure a loan obtained from him in the sum of $600.

On September 9, 1910, Mrs. Holland and T. J. Holland, her husband, sold the 39 acres which they had mort-

gaged to Correthers to A. Sorrels for the consideration of $2,000, and used the money thus obtained in paying off the mortgage debt on the land to Correthers and for the support of the minor children of G. W. Childers. Sorrels at the time of the purchase had full knowledge of the nature of the transaction.

This suit was instituted by Nettie T. Webb and W. A. Childers and Emma Childers in their own right and by W. A. Childers as next friend of the other appellees, who were minors, all of the appellees being the children and only heirs at law of G. W. Childers.

It was alleged in the complaint that the lands embraced in the mortgage by Childers to Sisney was the homestead of G. W. Childers at the time of his death; that thirty-nine acres of the land which Mrs. Childers sold under the power contained in the mortgage and which she purchased at such sale and afterward sold to Sorrels was a part of such homestead. They alleged that the sale to Sorrells was a fraud upon their rights; that Mrs. Childers (now Holland) did not have the title to the lands and conveyed the same without right; that she only had a lien on the lands for the sum due to repay her the amount she had paid to satisfy the original mortgage debt of G. W. Childers to Sisney; that on the death of Childers the lands embraced in the mortgage, including the land in controversy, descended to them, subject to the mortgage lien of Sisney, and that Mrs. Sarah E. Childers (now Holland), in paying off the mortgage debt, became subrogated to the rights of A. J. Sisney, and that her acts in paying off the mortgage debt and in protecting their title to the land against the mortgage was done by her as trustee and would inure to their benefit; that Sorrels was fully informed as to the condition and nature of the title at the time of his purchase and knew that such title rested in the appellees, subject alone to the mortgage lien and the homestead rights of the surviving widow and minor children of G. W. Childers. They prayed that the sale to

Sorrels be set aside and that the title to the land be vested in them subject to whatever rights Mrs. Holland acquired under the mortgage and to her rights as the widow, and the rights of the minor children in the homestead.

Mrs. Holland answered, setting up substantially the facts as above stated by counsel.

Sorrels answered, denying that he knew that the fee-simple title was vested in the plaintiffs, and alleged that he purchased the lands for a valuable consideration.

The testimony developed the facts substantially as above stated, and the court, in its decree, so found, and declared that Sarah E. Childers was a trustee for the minor heirs of G. W. Childers, and that she and Sorrels acquired nothing more than an equitable lien in the purchase of an outstanding indebtedness and the mortgage securing the sum in controversy in the suit. He found that Sorrels was entitled to a balance due him in the sum of $671.65, and decreed the same a lien on the lands in controversy and ordered the same sold to satisfy such lien if the amount of the decree was not paid within thirty days, and the appellant brings this appeal.

WOOD, J., (after stating the facts). (1) The contention of counsel for appellant is shown in the concluding portion of his brief, wherein he says that, "Had Sisney foreclosed the mortgage under the power of sale contained in same, as Mrs. Holland did, he could have purchased all or any part of same at his sale, made himself." The conclusion of counsel is unsound for the simple reason that Mrs. Childers (afterwards Holland), as the mother of the minor children of G. W. Childers, stood in the relation to them as natural guardian. She, jointly, with the minor children, occupied the homestead that was the subject of the mortgage. This fiduciary relation precluded her from dealing with the lands embraced in the mortgage, constituting the homestead, in any manner that would not inure to their benefit as well as hers.

In *Foreman* v. *Holloway & Son,* 122 Ark. 341, 183 S. W. 763, we held: "Although the naked legal title to lands included in a mortgage or deed of trust passes to the mortgagee, or to the trustee, for the purpose of making the security available in the payment of the debt, it passes for no other purpose, and the beneficiaries in such instruments do not acquire title absolute, except upon foreclosure, as the law requires."

Appellant contends that under this rule, Mrs. Childers acquired the absolute title in the tract of land which she purchased at the foreclosure of the mortgage. But, again, this rule is not applicable, for the same reason, that is, because of the trust relation that Mrs. Childers sustained as the natural guardian of her children in dealing with the land which constituted their homestead, as well as hers.

The case here is controlled by the general principles announced in *Hindman* v. *O'Connor,* 54 Ark. 627, and *Burel* v. *Baker,* 89 Ark. 168. In the latter case we quoted from *Hindman* v. *O'Connor,* as follows: "As a general rule, a party occupying a relation of trust or confidence to another is, in equity, bound to abstain from doing everything which can place him in a position inconsistent with the duty or trust such relation imposes on him, or which has a tendency to interfere with the discharge of such duty. Upon this principle no one placed in a situation of trust or confidence in reference to the subject-matter of a sale can be purchaser, on his own account, of the property sold. If such a one purchases the property, it is in the option of the person interested in the property, and to whom the relation of trust and confidence was sustained, to set aside the sale within a reasonable time, however innocent the purchaser may be."

And, continuing further, the court, in *Burel* v. *Baker,* said: "Mrs. Fletcher was, at the time she purchased the land in controversy at the foreclosure sale, in possession of it jointly with her infant children, enjoying it as the homestead of the deceased husband and father. She paid

nothing for the land, and the effect of her purchase was in equity and good conscience merely to redeem it from the mortgage for the benefit of herself and her children, rather than to extinguish them, and when she violated that duty, a court of equity will hold her to be a trustee for the children and deal with the acquired title accordingly."

True, the case at bar is distinguished from *Burel* v. *Baker, supra,* in the fact that here Mrs. Childers used her own money to purchase the mortgage, and to thus remove the incumbrance from the homestead. But while that would subrogate her to the rights of the mortgagee to have the lands foreclosed to pay off the mortgage debt which she had satisfied with her own funds, it did not change her relation of trustee to her minor children, and on account of that relation, as already stated, she could not become a purchaser at the sale under which the mortgage which she had acquired was foreclosed, because, as purchaser, if she could acquire the absolute title for herself and thus ignore the interests of her minor children, she might obtain the absolute title to the property, and would be interested in acquiring the same for the amount of her mortgage debt, or even less. But as the guardian and trustee of her minor children, it was her duty, in the protection of their interests as the owners of the fee, to make the land, at the sale, bring the highest price possible. Therefore, her individual interests and the interests of the children, which she had to conserve, would conflict.

(2)    As is said in *Clements* v. *Cates,* 49 Ark. 242: "The law forbids a trustee, and all other persons occupying a fiduciary or *quasi*-fiduciary position, from taking any personal advantage, touching the thing or subject as to which such fiduciary position exists; or, as expressed by another, 'wherever one person is placed in such relation to another, by the act or consent of that other, or the act of a third person, or of the law, that he becomes interested for him or interested with him in any subject of

property or business, he is prohibited from acquiring rights in that subject antagonistic to the person with whose interest he has become associated.' '' See, in addition to above cases, *Haynes* v. *Montgomery,* 96 Ark. 573.

The familiar principles announced in the above cases are controlling here. The court below was guided by these, and its decree is in all things correct, and it is affirmed.