PARKS *v.* MURPHY.

Opinion delivered December 1, 1924.

1. LIMITATION OF ACTIONS—CONTINGENT CLAIMS AGAINST DECEDENT'S ESTATE.—Under a duebill for a half interest in a party wall, "to be paid when built on lot," the creditor could not prove his claim against the deceased debtor's estate, and hence limitations could not run against a suit in equity against his devisees to subject land of the estate to payment of the duebill, until a building was constructed on the lot by the debtor's grantee.

2. EXECUTORS AND ADMINISTRATORS—CONTINGENT CLAIMS.—So long as it remains uncertain whether a contract will ever give rise to actual liability, the contract is not provable against the estate of the contracting party.

3. PARTY WALLS—ASSERTION OF RIGHTS—LACHES.—A creditor, suing his debtor's devisees to subject lands of the estate to payment of the amount agreed to be paid for a party wall when a building should be constructed thereon, within 10 months after construction thereof by decedent's grantee and less than seven years after decedent's death, *held* not guilty of laches in asserting her rights.

4. EQUITY—JURISDICTION.—Equity has jurisdiction of a suit against heirs or devisees who have received a debtor's estate to enforce a contingent claim arising after the time for probating it had passed.

5. APPEAL AND ERROR—APPEALS IN CHANCERY TRIABLE DE NOVO.—Appeals from the chancery court to the Supreme Court are triable *de novo,* without the taking of exceptions to rulings or the final decree.

Appeal from Logan Chancery Court, Southern District; *J. V. Bourland,* Chancellor; reversed.

STATEMENT OF FACTS.

This was a suit brought in equity by a creditor of a decedent against his devisees to subject the lands and town lots belonging to his estate to the payment of her debt. The basis of the suit is a duebill which reads as follows:

"Booneville, Arkansas, November 6, 1913.

"Due W. L. Shamblee one hundred and eighty-three dollars for one-half interest in brick and rock wall on line lot No. 3 and 4, in block 23, on Broadway Street, in

town of Booneville, Arkansas, according to C. O. G. plat. This to be paid when built on lot.   G. J. Murphy.''

On the 2d day of May, 1915, W. L. Shamblee died, owning the lot described in the duebill, and the lot and the duebill were set apart to appellant as her part of his estate.   In the months of May and June, 1913, W. L. Shamblee constructed a brick building on said lot.   G. J. Murphy was the owner of the adjoining lot.   By an agreement between Shamblee and Murphy, Shamblee constructed the north wall of the building on his lot so that half of it rested on the lot of Murphy.   The duebill was executed by Murphy to Shamlee as payment for his interest in said party wall.

D. N. Guinn, by mesne conveyances, became the owner of the Murphy lot, and constructed a building on it in June, 1922.   On the 9th day of June, 1917, G. J. Murphy died, and his widow and son and daughter were the sole devisees under his last will and testament, and are the appellees herein.   As such devisees they are now the owners of and in possession of certain lands and town lots belonging to the said estate, of the value of more than $20,000.   There was no administration upon the estate of G. J. Murphy, and the devisees took possession of his property under the terms of the will.   No part of said duebill has ever been paid.

The above were substantially the allegations in the complaint by appellant, who was the plaintiff in the court below, and judgment is prayed for against appellees in the sum of $183, with the accrued interest, and that the same be declared a lien upon the land and town lots belonging to the estate of G. J. Murphy, deceased, which are specifically described in the complaint.

Appellees demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action.   The court sustained the demurrer, and appellant declined to plead further.   It was therefore decreed that appellant take nothing by her complaint.   The case is here on appeal.

*Kincannon & Kincannon,* for appellant.

Appellees, as devises under the will of G. J. Murphy, took the property subject to the appellant's rights as creditors. C. & M. Dig., §§ 152 and 3471; 40 Ark. 102; 42 Ark. 22; 47 Ark. 222; 48 Ark. 230. The statute in relation to presentation of claims, C. & M. Dig., § 97, does not contemplate inchoate or contingent claims, such as the claim here, where it did not accrue until the building was constructed. 14 Ark. 246, 18 Cyc. 419; 99 Ark. 527; 153 Ark. 335; 80 Ark. 103. Equity is the proper forum in which to proceed for satisfaction of the creditor's claim against the heir who has received his ancestor's estate. 31 Ark. 229; 15 Ark. 412; 18 Ark. 118; 14 Ark. 246. The property went into the hands of the devisees under the will, charged with an equitable lien in favor of appellant superior to that of the defendants, and this was a matter peculiarly within the jurisdiction of chancery. 40 Ark. 433; 74 Ark. 520.

*John P. Roberts* and *Evans & Evans,* for appellees.

1. Appellant did not reserve any exception to the action of the trial court in sustaining the demurrer, nor in entering the final judgment against her. There is therefore nothing before this court to be reviewed. 26 Ark. 16; 73 Ark. 407; 94 Ark. 254; 21 Ark. 286; *Id.* 398; 25 Ark. 380; 45 Ark. 609; *Id.* 392; 123 Ark. 548.

2. The demurrer was properly sustained, for the reason that the plaintiff, if she had a cause of action at all, should have invoked the jurisdiction of the probate court. Article 7, § 34, Constitution; C. & M. Dig., § 2256. There is no fraud, error or mistake alleged, and nothing set forth in the complaint which prevented or hindered the plaintiff, if a creditor of Murphy, from collecting her claim through the probate court. 48 Ark. 547; 49 Ark. 55, 56; 51 Ark. 366; 47 Ark. 242; 90 Ark. 444; C. & M. Dig., § 97. If, as contended by appellant, the claim did not mature until June, 1922, and there was no administration upon the Murphy estate, there is no reason why appellant could not have applied in June, 1922, to the probate court for the appointment of an

administrator, and had the question settled by that court as to whether or not the estate owed the appellant. 14 Ark. 246. The complaint takes no account of the personal property of the estate, yet such property is primarily liable for the payment of debts, whether due at the time letters of administration are issued, or are inchoate and contingent and come into existence afterwards. 18 Ark. 334; 94 Ark. 60; 54 Ark. 33; 40 Ark. 433.

HART, J., (after stating the facts). This court has held that the defense of the statute of limitations may be interposed in equity by demurrer where the cause of action appears upon the face of the complaint to be barred, and does not disclose facts sufficient to remove such bar. *Flanagan* v. *Ray,* 149 Ark. 411, and cases cited.

Hence counsel for appellees seek to uphold the decree upon the theory that appellant is not entitled to maintain this suit in equity. The complaint alleges that no administration was had upon the estate of G. J. Murphy, deceased, and that, upon the failure of the devisees named in the will to probate it, it became the duty of the appellant, as a creditor of the estate, to take out letters of administration with the will annexed, and probate her claim.

In answer to this contention, it need only be said that the claim of appellant was a contingent one, and could not have been probated until it became an absolute claim by the construction of the building by Guinn, the grantee of G. J. Murphy, in 1922. By the terms of the duebill Murphy was not to pay for his interest in the party wall until the building was constructed on his lot whereby the party wall was used.

In *Bank of Hoxie* v. *Meriwether, ante* p. 39, it was held that agreements of the sort in question in this case create a covenant running with the land, and that a charge is created in the nature of an equitable lien upon the lot upon which the wall was erected, which is enforceable in equity against the grantee of the contracting party when a building is constructed under the terms of the agreement. The fact that the

agreement of Murphy to pay his part of the construction of the party wall when a building was erected on his lot, constituted a covenant running with the land; so that there existed an equitable lien against his grantee, is entirely independent of the liability of Murphy. Murphy became liable because he bound himself, by his contract, to pay for the party wall when a building was constructed upon his lot.

The fact that the agreement constituted a covenant running with the land shows that the claim of Shamblee against Murphy was a contingent one. Under the terms of the agreement Murphy was not to pay his part of the cost of the construction of the party wall until a building was erected on his lot. His contract created a debt payable only in the future, upon a contingency, and that was that he or his grantee should construct a building upon his lot, and thereby make use of the party wall. Hence Shamblee only had a contingent claim against the estate. Under the agreement, the construction of the building would make what was before a contingent claim an absolute one. Such act would fix the time of payment and thereby make the liability absolute. Hence if letters of administration had been taken out, appellant, as successor to the rights of Shamblee, could not have proved his claim against the estate of G. J. Murphy until after Guinn had constructed the building on the lot, in June, 1922.

· So long as it remains uncertain whether a contract will ever give rise to an actual liability, and there is no means of removing the uncertainty by calculation, such contract is not provable as a debt against the estate of the contracting party. *Walker* v. *Byers,* 14 Ark. 246; *Burton's Admr.* v. *Lockert's Ex'ors.,* 9 Ark. 411; and *Evans* v. *Hoyt,* 153 Ark. 334.

As we have already seen, Guinn did not construct the building on the lot until June, 1922. The present suit was commenced on the 15th day of May, 1923. G. J. Murphy died on June 9, 1917. Thus it will be seen that appellant brought her action within ten months after it

accrued and within less than seven years after Murphy died. Hence it cannot be said that she was guilty of laches in asserting her rights.

Another objection is that equity was not the proper forum in which to bring the suit. We cannot agree with counsel in this contention. The right of a creditor to proceed in equity against the heirs or devisees of a decedent who have received his estate, for a satisfaction of his claim, after the time limited for probating it, is well settled in this State. *Hall* v. *Brewer,* 40 Ark. 433, and *Wallace* v. *Swepston,* 74 Ark. 520.

No exceptions were taken to the decree in the chancery court, and appellees insist that, without such exception, no objection can be properly raised to it in this court. The rules of chancery practice do not require that exceptions should be taken to the various rulings of the court made in the progress of the cause, or to the final decree itself. The entire proceedings are matters of record, and appeals from the chancery court to this court are tried *de novo* without the taking of technical exceptions. *Lemay* v. *Johnson,* 35 Ark. 225; *Western Coal & Mining Co.* v. *Hollenbeck,* 72 Ark. 44; and *Fletcher* v. *Simpson,* 144 Ark. 436. To the same effect see 3 C. J., par. 808, p. 908.

The result of our views is that the decree will be reversed, and the cause remanded with directions to overrule the demurrer and to enter a decree in accordance with this opinion.