HENRY v. DOLLIN.

4-4926

Opinion delivered February 7, 1938.

*J. C. Brookfield*, for appellants.

*James Robertson* and *Walter N. Killough*, for appellees.

SMITH, J. This appeal is from an order and decree of the Cross chancery court sustaining a demurrer to a complaint containing allegations to the following effect. Joe Henry died intestate May 15, 1933. He had been married three times. His first wife, now deceased, became the mother of a daughter named Agnes, who conveyed her interest in her father's estate to one J. P. Mitchell, who was made a defendant. The first wife became the mother also of a son named Jodie, now dead, but he left surviving him a daughter named Virginia

Ruth, eight years old. Virginia is made a party defendant.

Henry's second wife was named Zuby, and she became the mother of a son named Carlos, who was eleven years old when his father died. Carlos was made a party. Henry was divorced from the second wife, who recovered judgment against him in the chancery court on March 25, 1932, which has the present face value of $576. The nature of this judgment is not alleged, but the inference is that it was recovered in connection with the divorce proceeding.

Henry's third wife was named Nell, but no children were born to that union. She survived her husband, and was appointed administratrix of his estate. The administration was closed, leaving $1,786.48 in debts unpaid. There is no allegation in regard to the personal property, and its value and disposition is not disclosed. It is alleged that the only real estate owned by Henry was a tract of land containing 1.11 acres, which was his homestead.

In addition to the judgment in favor of Mrs. Zuby Henry for $576, other debts also were due as follows: A note secured by a deed of trust upon the real estate executed by Henry to W. W. Stacy, as trustee for C. M. Stacy, February 18, 1933, for the sum of $143. It was alleged that suit had been filed to foreclose this deed of trust, but that after the suit had been filed the note and mortgage were assigned to plaintiff, Mrs. Zuby Henry. The trustee was named as a party plaintiff.

It was alleged that "A note for $275, dated May 16th, 1933, signed by plaintiff and defendant Agnes Henry, now Dollin, to Kernodle Funeral Home, together with an assignment of rents and profits of said real estate to secure same, and assigned to plaintiff Zuby Henry February 18th, 1937, for a consideration of $341.92, which note and obligation was given to discharge the lien and charge upon the real estate for funeral expenses, and to which right of lien plaintiff Zuby Henry asks to be subrogated and enforced herein."

It does not appear whether any of these demands were probated, but the complaint recites that ''Plaintiff Zuby Henry says that she had paid and discharged all the debts of the estate and is now the sole creditor of such estate and that the defendants are all the heirs of said Joe Henry and that she and her son Carlos are vested with the life estate.''

The complaint further alleged ''That the plaintiff Zuby Henry has paid, assumed and had assigned to her all of said indebtedness and now seeks to foreclose such of said indebtedness as is a lien upon said real estate; and that plaintiffs have no adequate remedy at law for the reason that the probate court is without jurisdiction to sell such real estate to pay debts during the minority of the children, at which time the remainder interest would have deteriorated and decreased to no value and such liens would be barred by limitation.''

Upon these allegations it was prayed that ''plaintiffs have judgment against defendants for the $1,786.48, or so much thereof as may be so enforced as a lien, and that such liens be foreclosed, and said real estate, or such remainder interest of the defendants, be subjected to the payment thereof, and for costs and for all proper relief.''

It does not appear how in any event all these defendants could be held liable for these debts. But aside from that, plaintiffs were not entitled to the relief prayed for reasons presently to be stated.

It does not appear how, after the divorce of Mrs. Zuby Henry, she retained a life estate in the lands of her deceased husband, but it is alleged that the minor son has the right of homestead during his minority. *McAndrew* v. *Hollingsworth*, 72 Ark. 446, 81 S. W. 610; *Burel* v. *Baker*, 89 Ark. 168, 116 S. W. 181; *Russell* v. *Suddoth*, 123 Ark. 200, 184 S. W. 842.

It is alleged that Mrs. Zuby Henry purchased the interest of Nell, the third wife and surviving widow, in the lands; but she did not thereby acquire the homestead right of the surviving widow. This sale operated to extinguish the homestead right of the widow, but the home-

stead right of the infant defendant remains. *Gray* v. *Patterson*, 65 Ark. 373, 46 S. W. 730, 1119, 67 Am. St. Rep. 937; *Stubbs* v. *Pitts*, 84 Ark. 160, 104 S. W. 1110. It is prayed that a sale of the homestead be ordered in satisfaction of the debts above enumerated.

The argument, that the homestead will deteriorate in value and will be insufficient to satisfy the claims against the estate if the right to sell is postponed until the minor son Carlos has attained his majority, is answered by the opinion in the case of *Hart* v. *Wimberly*, 173 Ark. 1083, 296 S. W. 39, where it was said: "There is no provision anywhere in the law of this state for an administrator to sell a minor's homestead while a minor, for any purpose. The guardian may sell his minor ward's homestead for support and education, when necessary (*Merrill* v. *Harris*, 65 Ark. 355, 46 S. W. 538, 41 L. R. A. 714, 67 A. St. Rep. 929), but the administrator cannot do so. The administrator cannot sell the homestead subject to the homestead rights. (Citing cases.)"

The effect of that case was to hold that the probate court did not have jurisdiction to order the sale of the minor's homestead during minority in satisfaction of probate judgments against his parent. It is exempt from such sale while the right of homestead continues, and if the probate court could not order such a sale no other court could do so.

This, of course, would not be true of the enforcement of a lien upon the homestead created by the minor's parents, as in the case here alleged of the execution of a deed of trust by the minor's father. Chancery would have and does have jurisdiction to grant that relief, and if it be true, as the complaint alleges, that the plaintiff has acquired, by assignment, the deed of trust executed by Henry, there is no reason why the lien thereof may not be ordered foreclosed by a sale for that purpose under a decree of the chancery court. But the right to maintain such a suit does not draw to it or carry with it the right to have the homestead sold in satisfaction of other demands.

The case of *Roberts* v. *Miller,* 173 Ark. 38, 291 S. W. 814, answers the contention of appellant that she should be granted the relief prayed for the reason that if the relief is denied the probate judgments will be barred before the termination of the minor's homestead right. That was a suit in equity to subject lands which had been the homestead of the widow and her infant children during their minority to the payment of a claim against the estate of the husband and father. It was there said: "Chancery has jurisdiction to subject the homestead lands of a decedent to the payment of probate judgments, after the death of the widow or the abandonment of the homestead by her and after the youngest child of the decedent has attained to the age of twenty-one. *Parks* v. *Murphy,* 166 Ark. 564, 266 S. W. 673. The statutory bar had not attached when the suit was instituted. It was brought within three years after the youngest child of Frank Miller became of age." In other words, the statute of limitations did not run during the continuance of the homestead right, for the reason that the statute did not run while the right to proceed against the homestead was suspended.

The demurrer to the complaint was, therefore, properly sustained, and that decree will be affirmed, but without prejudice to the right of appellant to enforce by proper action any right she may have acquired through the alleged assignment to her of the Stacy deed of trust. Decree affirmed.