## BARNETT *v.* MEACHAM.

### Opinion delivered April 18, 1896.

DOWER INTEREST—TRANSFER BEFORE ASSIGNMENT.—If a widow conveys her dower interest before it is assigned to her, the heir may recover the land from her vendee.

LIMITATION OF ACTION—RECOVERY OF DECEDENT'S LAND.—Where a widow conveyed her dower interest in her deceased husband's land before it was assigned to her, and her vendee entered and kept uninterrupted, peaceable, adverse possession for more than seven years, he acquired title thereby.

Appeal from Independence Circuit Court in Chancery.

JOHN B. McCALEB, Judge, on exchange of circuits.

STATEMENT BY THE COURT.

The appellant brought this suit to recover the land in controversy. Judgment was rendered against him, and he seeks by this appeal to reverse said judgment. The land was owned by the appellant's brother, who died, while a soldier in the Confederate army, in 1862, leaving him surviving, Julia, his widow, and an infant

son, who died in 1863. The widow died in 1893, never having had dower assigned her in the land. After the death of her husband, the brother of the appellant, she was married to Thomas Ward in 1864; and on January 9, 1869, she and her husband, Ward, sold and conveyed this land to James A. Meacham, who afterwards sold part of it to appellees, the Grays.

Upon the execution of the deed of Ward and wife to appellee Meacham, he assumed control of said lands, and claimed to own the same absolutely; and he and his vendees, the Grays, have, as the evidence shows, had uninterrupted, peaceable, adverse possession of the same for a period of much over seven years next before the institution of this suit, and they rely upon the purchase by Meacham from Ward and wife and the statutes of limitations of seven years for title. It is admitted that the appellant, W. H. Barnett, is the only heir to his brother, the first husband of Julia Ward. This suit was brought in 1893, less than a year after Julia Ward's death.

*J. J. Barnwell*, for appellant.

The court erred in its instructions to the jury. There was testimony showing that Meacham admitted that appellant would get the land at the death of the widow. This shows there was no adverse possession. Meacham held as trustee for the heirs of Barnett. The statute did not run. 12 S. W. 1045; 31 Ark. 334; 83 Mo. 581; 84 *id*. 104. Appellees held only the reversionary estate. 42 Ark. 118. They got no title, as Mrs. Barnett had none. 30 *id*. 640. There was no actual adverse possession. 27 *id*. 77; 45 *id*. 81.

*H. S. Coleman* and *Neill & Neill* for appellees.

1. The cause was properly transferred to the law docket. Sand. &. H. Dig., sec. 6121.

2.   The deed of Julia Ward was evidence of color
of title and of abandonment by the widow, and started
the statute of limitation.   34 Ark. 547; 30 *id.* 640; 33
*id.* 150; 44 *id.* 490.

3.   Even if the widow had not sold and abandoned
the land, in this case no dower having been assigned,
and neither the widow nor the heir being in possession,
her right of dower was barred after seven years, and a
right of action would certainly then accrue to the heir
to recover the land from a stranger in possession.   22
Ark. 263; 29 *id.* 660; 33 *id.* 294; 40 *id.* 203.   Appellee
was in open, notorious, continuous, peaceable, adverse
possession, claiming title, for seven years, which was a
complete bar.

HUGHES, J., (after stating the facts).   It has been
recently decided in this court that the conveyance by a
widow of her right of dower in the lands of her deceased
husband, before the assignment of her dower, confers
upon the alienee no right which he can enforce at law,
but that he may, in equity, have her dower set aside
and assigned to him.*   A widow, before the assign-
ment of her dower, may occupy and hold the mansion
house and farm attached free of rent, till her dower is
assigned.   But, if she abandons the possession, the heir
may enter and occupy the premises, subject to her right
to have dower assigned.   "She may occupy and culti-
vate the land herself, or allow another to do it for her."
She need not remain on it in person, "for it may be she
could only derive a support from the premises by renting
them."   *McReynolds* v. *Counts*, 9 Grat. 242; *Oakley* v.
*Oakley*, 30 Ala. 131; *Padgett* v. *Norman*, 44 Ark. 490.
"But this (quarantine) right to occupy the premises, or
to receive the profits for her maintenance, is so far per-
sonal to the widow that it cannot be transferred to

Effect of<br>transfer of<br>dower before<br>assignment.

* *Weaver* v. *Rush, ante,* p. 51.

another; and if, before her dower is assigned, she makes a conveyance of her interest, the heir may recover in ejectment against the alienee." 2 Scribner, Dower, p. 64; *Wallace* v. *Hall*, 19 Ala. 367; *Wallis* v. *Doe*, 2 Smedes & M. 220. When Mrs. Ward transferred her interest to Meacham, and abandoned the premises, a right of action in ejectment against Meacham accrued to the appellant.

Limitation to action to recover decedent's land.

Having delayed to bring his action until long after the lapse of seven years, and Meacham and those claiming under him having had adverse possession for over seven years next before the commencement of this suit, the appellant's right of action was barred by the seven-years statute of limitations before his suit was commenced. Wherefore the judgment is affirmed.