# RICKNOR vs CLABBER

## Opinion delivered September 23, 1903.

1. *Ejectment—Pleading—Ruling on Demurrer Res Judicata.*

   In an action of ejectment, where a demurrer to the complaint was overruled by the court, and no exception taken, such ruling became res judicata as to the sufficiency of the complaint in that case; and hence a demurrer to the answer did not, by relating back to the complaint, entitle the defendant to another ruling upon the sufficiency of the complaint.

2. *Indian Lands—Descent and Distribution—Law of Presumed to be that of the Forum.*

   In an action of ejectment, where the parties are members of an Indian tribe, and, under the laws of descent and distribution of that tribe the plaintiff was not an heir of the intestate through whom he claimed his title, his right to maintian the action will not thereby be defeated when defendant fails to plead such law in his answer, the proceedings, in such case being governed by the laws of the forum.

3. *Pleading—Complaint—Sufficiency of, on Demurrer.*

   In an action of ejectment, where the complaint states that plaintiff's son acquired the premises sued for by patent; that he afterward died leaving one child, his only heir, and that said child died in infancy without issue leaving plaintiff his only heir, the complaint states sufficient facts showing plaintiff to be the heir as against a demurrer.

4. *Pleading—Answer—General Denial Insufficient.*

An allegation in answer that defendant "denies each and every allegation in the complaint contained not hereinafter specially admitted" does not constitute the specific denial of material allegations in the complaint required by Sec. 5033 Mansf. Dig. (Ind. Ter. Stat. Sec. 3238)

5. *Ejectment—Heir may Maintain Though Dower not assigned, and Widow not a Party.*

In an action of ejectment brought by the sole heir of the deceased owner of the premises, it is no defense that the widow's dower right therein has not been assigned, and that she is not a party to the action.

Appeal from the United States Court for the Northern District.

JOSEPH A. GILL, Judge.

Action by Mrs. Peter Clabber against Peter Ricknor. Judgment for plaintiff. Defendant appeals. Affirmed.

This is an action of ejectment. The complaint is as follows: "Comes now the said plaintiff, and for her cause of action against the defendant alleges: That she, the said plaintiff, is a member of the Quapaw Tribe of Indians, and is entitled to own and hold real estate in the Quapaw reservation, Indian Territory. That on or about the 26th day of September, 1896, the United States issued John Thompson a patent to the following described real estate in said reservation, to wit: * * * That the said John Thompson was a Quapaw Indian, residing in the Quapaw Indian reservation, Indian Territory, and the patent so issued to him vested in him the title and ownership in and to said land. A copy of said patent is hereto attached, etc. That thereafter, to wit, on the 9th day of June, 1896, said John Thompson died intestate, leaving surviving him his widow Lizzie Davis Thompson, to whom a male child, Joseph Thompson, was born on the —— day of —— 1896, the said male child

being the issue and sole heir at law of the said John Thompson and Lizzie Davis Thompson. That thereafter, to wit, on the 5th day of August, 1896, said Joseph Thompson died intestate, leaving no issue. That this plaintiff is the mother of said John Thompson, and is the paternal grandmother of said Joseph Thompson, and his sole and only heir at law, and therefore became the owner of said described land as heir to said Joseph Thompson, deceased, the maternal grandfather of said Joseph Thompson, Kah-zho-kah, husband of plaintiff, having died over twenty years ago. That the defendant is in the unlawful possession of said land, without any right whatsoever," etc.

To this complaint a general demurrer was filed by defendant which was by the court overruled, no exception being taken.

The defendant thereupon filed the following answer: "Now on this day comes the above-named defendant, Peter Ricknor, and for answer to plaintiff's petition herein says that he admits, denies, and alleges as follows: (1) That he denies each and every allegation in said petition contained, not hereinafter specially admitted. (2) Defendant admits that plaintiff is a member of the Quapaw Tribe of Indians, and is entitled to own and hold real estate in the Quapaw reservation, Indian Territory, and that on or about the 26th day of September, 1896, the United States issued to one John Thompson a patent to the following described real estate, in said reservation, to wit: (Premises sued for;) and that said John Thompson was a Quapaw Indian residing in the Quapaw Indian reservation, Indian Territory, and that the patent so issued to him vested in him the title, and ownership in and to said lands; that thereafter, to wit, on or about the 9th day of June, 1896, said John Thompson died intestate, leaving surviving him his widow, Lizzie Davis Thompson, to whom a male child, Joseph Thompson, was born on or about the —— day of ——, 1896; and that said child was one of the issue of the said John Thompson, and

his said wife, Lizzie Davis Thompson, another child, having been born and died single and unmarried before its father; that thereafter, to wit, on or about the 5th day of August, 1896, said Joseph Thompson died intestate, leaving no issue, and that the plaintiff in this suit is the mother of said John Thompson, and the grandmother of said Joseph Thompson, deceased; that the defendant is in possession of said land. (3) Defendant denies that he is unlawfully in the possession of said land, and that he has been in the unlawful possession therefor for three years last past. * * * (4) Defendant alleges that said Joseph Thompson died intestate on or about the said 5th day of August, 1896, that at the time of his death he was a minor and was never married; that he left surviving him his mother, Lizzie Davis Thompson, who is still living. Defendant further alleges that at the death of the said John Thompson, to whom said above described lands were originally allotted, he left surviving him his widow, the above-named Lizzie Davis Thompson, who is still liivng; that the right of dower of the said Lizzie Davis Thompson in and to the above described land has never been assigned, admeasured, or in any way set off to her. Defendant says that by virtue of the above facts the plaintiff is not entitled to the possession of said land, or any damages for the withholding of same from plaintiff, and therefore asks that he be discharged," etc.

To this answer the plaintiff filed the following demurrer: "Comes now the plaintiff, and demurs to the answer filed by the defendant herein, for the reason that said answer does not state facts sufficient to constitute a defense to plaintiff's cause of action."

This demurrer was sustained and exceptions saved. Defendant declining to plead further, judgment was entered for the plaintiff, and the case duly appealed.

*Robinson, Bowling* and *McCluer* for appellant.    *D. H. Wilson,* for appellee.

CLAYTON, J.   The defendant files with his brief the following assignment of errors:   (1)   The court committed error in not carrying the demurrer back and sustaining it as to the complaint.   (2)   The court committed error in sustaining the demurrer to the answer.   (3)   The judgment is not warranted by the pleadings.

The first ground of the demurrer to the complaint is general, and goes to the sufficiency of the complaint, that it does not set up a cause of action as a whole; the second ground is special, that the facts set forth in the complaint are not sufficient to how ownership or the right of possession in the plaintiff.   But, this demurrer was heard, overruled, and no error assigned as to the action of the court in overruling it.   The appellant's counsel now claim, however, that when the court came to consider the demurrer to the answer, on the theory that a bad answer is good for a bad complaint, "the court should have carried the demurrer to the answer back, and sustained it as to the complaint," although the complaint had already been adjudged good as against a demurrer which attacked it at every point at issue in this case; and the ruling of the court seems to have been satisfactory to the defendant for he saved no exception. Had he done so, the sufficiency of the complaint would have been properly before us.   When the court overruled the demurrer the question of the sufficiency of the complaint became res adjudicata in the case, and the court, we think, was not required, on a demurrer to the answer, to go back and again pass on the sufficiency of the complaint on the points raised, by the demurrer to it; and an exception to the ruling on the demurrer to the answer is not an exception, under these circumstances, to the ruling of the court as to the sufficiency of the complaint upon

these points.  But, be this as it may, we have carefully examined the complaint, and, in the absence of a motion to make it more certain, find it good.

The defendant's counsel contend that, as the parties to the suit are shown by the conplaint to be Quapaw Indians, the law of descents of that nation should have been pleaded. The record shows no objection made to the complaint on that accourt.  The demurrer does not do so, nor does the answer plead it.  If it were true that at the time the rights of the parties accrued the Quapaw Tribe of Indians was a sovereign nation, with laws of descent and distribution different from those in force within the jurisdiction of the court in which the case was tried, and under those laws the plaintiff was not an heir of the estate of the intestate, and without title by inheritance, it was his duty to have set it up in his answer.  It would have been a perfect defense to the action.  When the law of a foreign nation is not pleaded, it will be presumed to be that of the forum in which the trial is had.  The complaint avers that the parties are Quapaw Indians; the defendant, therefore, had notice of that fact, and was not taken unawares.

It is also contended that the complaint is deficient in this: that the plaintiff does not show that she is the only heir; that is, that the averment that she is the only heir is simply a conclusion of law, and not a statement of a fact.  But the complaint states more.  It states that John Thompson, her son, acquired by patent the premises sued for; that he is dead; that he had married one Lizzie Davis Thompson, by whom he had one child, Joseph Thompson, his only heir, who died after his father; that Joseph died in infancy, without issue, leaving the plaintiff, his grand-mother, on the paternal side, his only heir at law.  We think that under our practice the facts were sufficiently stated, so as not to be obnoxious upon demurrer; that if the defendant desired them more fully stated he should have filed his motion

to make more certain. This disposes of the first specification of error.

Did the court commit error in sustaining the demurrer to the answer? The contention is that as the complaint alleged that the paternal grandfather of Joseph Thompson, Kha-zho-kah, the husband of plaintiff, had died 20 years before the bringing of the suit, and this allegation being material, and denied by the answer, the case ought to have gone to the jury on that issue. It is true that the averment of the death of Kah-zho-kah was material, and, if denied by the answer, the case should have been tried on that issue, because if he were alive, he, and not the plaintiff, was the heir of Joseph Thompson, and plaintiff would be without title. But was this allegation denied by the answer? The answer commences with the statement that the defendant "denies each and every allegation in the complaint contained not hereinafter specially admitted." The statute (section 5033, Mansf. Dig.; Ind. Ter. St. 1899, § 3238) does not require that the answer shall admit, specially or otherwise, any of the allegations of the complaint, but it does require that it shall specially "deny each allegation intended to be controverted." And a general denial is not sufficient. In the case of Guynn vs McCauley, 32 Ark. 105, the beginning of the answer was almost identical with this case, and the court say: "It is true that in the beginning of the answer of Guynn he states that he "denies each charge and allegation in said complaint contained, except as hereinafter specifically admitted, explained, or qualified.' The answer must contain a denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief. A material allegation in a pleading is one essential to the claim or defense, and which could not be stricken from the pleading without leaving it in sufficient. A general denial of the allegations of the bill is not sufficient. To prevent a material

allegation of the bill from being taken as true, it must be specifically denied by the answer, or the defendant must state that he has not sufficient knowledge or information in regard to the fact alleged to form a belief as to whether it is true or not true." See, also, Trapnall vs Hill, 31 Ark. 348; McIlroy vs Buckner, 35 Ark. 562; Newman, Pl. & Pr. 509-515.

The denial therefore, in this case, that John Thompson was dead, not having been specifically made, it was admitted.

There is no question but that the plaintiff is the lawful heir of the estate sued for, and it is just as certain that the defendant is in possession of the premises "unlawfully" and without right. His possession is alleged in the complaint, and the answer does not deny it, nor does it set up any title or right of possession in him.

But it is contended that as the widow of John Thompson was alive, and her dower has not been assigned to her, and that as she is not a party to the suit, the plaintiff cannot recover, because she is not entitled to the possession of the whole estate. When the widow's dower has not been assigned to her, and she is not in possession, or has abandoned the possession, "the heir may always maintain ejectment for possession of the lands of which their ancestor died seised or possessed." Newell, Eject. § 18. "The right (of dower) until assigned is inchoate, and cannot be set up in an action of ejectment against an heir entitled to the fee. * * * Until it is assigned or set off, the person entitled to the fee may bring ejectment against any one wrongfully in possession, and recover." Newell, Eject. § 15. The widow was not in possession, and in such case the heir may enter and occupy the premises, subject to the widow's right to have dower assigned. Barnett vs Meacham, 62 Ark. 315, 35 S. W. 533; Padgett vs Morman, 44 Ark. 492.

Finding no error in the action of the court below in sustaining the demurrer to the answer and entering judgment for the plaintiff, the judgment of the court below is affirmed.

RAYMOND and TOWNSEND, JJ., concur.