### BRINKLEY *v.* TAYLOR.

### Opinion delivered February 2, 1914.

1. LIMITATIONS—RIGHTS OF PURCHASER FROM WIDOW—DOWER UNASSIGNED.—Where the heirs permit the widow to enter into the actual possession of portions of the husband's lands, and the widow enters in hostility to the heirs and sold certain portions thereof, the title of the purchasers may be perfected by the running of the statute. (Page 308.)

2. LIMITATIONS—UNASSIGNED DOWER—RIGHTS OF HEIR.—Where a widow conveyed her dower interest in land before it was assigned to her, the heir may recover the land from her vendee, but the statute of limitation is set in motion against the heir when the widow's vendee enters into possession. (Page 309.)

Appeal from Cross Chancery Court; *Edward D. Robertson,* Chancellor; affirmed.

*Mardis & Mardis,* for appellant.

The possession of Mrs. Emma C. Taylor as widow of Wm. H. Brinkley was possession in right of dower until dower was assigned, and the statute of limitation would not run in her favor. 69 N. J. L. 27; 44 Ark. 490; 23 S. E. 233. Her possession would not begin to be adverse until there was an open assertion of hostile title brought to the notice of the heirs. 69 N. W. 37; 112 Ill. 568; 97 Ark. 33; 1 Cyc. 1051-1053; see also 13 So. 83; 100 Ark. 399; 13 S. W. 790; 42 N. W. 954. Before the appellee can avail herself of the benefit of the statute of limitations, she must show that she comes within the statute, and the burden of proof is upon her. 86 Ark. 309; 79 Ark. 109.

In the absence of evidence to the contrary, the presumption is that the possession of land is in accord with the record title. 89 Ark. 19.

*O. N. Killough,* for appellee.

The Brinkley heirs are barred by their laches and the statute of limitations.

The testimony is uncontradicted that appellee filed her application for letters of administration on October 26, 1870, and in said application stated under oath that she was the only heir of Wm. H. Brinkley. This was actual notice to Brinkley's collateral heirs and started the statute to running from that date. 99 Ark. 446 and cases cited.

Actual notice is not necessary where there is evidence of such overt and notorious acts of exclusive adverse possession, etc., of such nature as that "the law will presume them to be notice by persons of ordinary intelligence in attending to their own interests." 90 Am. Dec. 451. See also 59 Pac. 257-259; 84 Ark. 277; 1 Cyc. 1073; *Id.* 1052, 1053.

SMITH, J. This action was begun by appellee to quiet her title to the east half, southeast quarter, section 15, township 9 north, range 3 east, situated in Cross County, Arkansas. The complaint alleged that Wm. H. Brinkley died intestate without issue on the 1st day of October, 1870, seized of the fee-simple title to the above described land, and left him surviving his widow, Emma G. Brinkley, now Emma C. Taylor, the appellee herein, and certain brothers and sisters, and also the children of certain other brothers and sisters, whose parents were dead, some of whose names were alleged to be unknown.

The heirs of W. H. Brinkley filed answer and cross complaint, in which they alleged their ownership of the land described, and asked that dower be assigned to plaintiff, as widow of the said W. H. Brinkley. They further alleged that appellee had sold and conveyed a considerable part of said tract of land, and they prayed that the value of the land so sold and conveyed be taken into account, and charged against the dower interest of appellee. There is no serious controversy over the material facts, which are substantially as follows: The land was conveyed to Brinkley by Capt. J. M. Levesque, as a

gift, and the adjoining eighty acres, or the west half of this southeast quarter section, was purchased by Mrs. Brinkley, and she and her husband were living on her tract of land at the time of his death. Letters of administration were taken out on the estate of Mr. Brinkley by appellee, and in her affidavit to obtain these letters she stated that she was sole heir at law, which she explains by saying that she claimed to own all his property at his death. She filed an inventory, in which was included all of the personal property owned by both of them, the principal part of which belonged to her. Most of this property was sold by appellee as administratrix, and with the proceeds of this sale she paid her husband's debts. At the time of Mr. Brinkley's death only a small part of the land in question was in cultivation, and there were no houses or other improvements on it, and its value at that time was shown to be about one dollar per acre.

Appellee intermarried with Mr. Taylor in 1872, and they entered upon the land in suit a few years thereafter, and have since continuously resided thereon, and for a period of about thirty-five years, during which time they have cleared the land and made many valuable improvements thereon. The land is adjacent to the town of Cherry Valley, and about twenty acres of it was subdivided into town lots and sold as such, these sales extending over the period of a number of years. Old citizens testified to the length and character of appellee's possession, showing that through all these years she had claimed the title to the land, and not a mere dower right. Only one witness gave testimony, the effect of which was that appellee did not claim the land in her own right, but this witness was shown to have labored under a misapprehension of the facts, and the chancellor might well have found that this witness was mistaken. A number of the Brinkley heirs lived in the neighborhood, and one of them testified that he knew of no act of ownership, which might have been exercised, which appellee had not in fact exercised.

At the time of Mr. Brinkley's death, and at the time of appellee's marriage with Mr. Taylor, the Constitution of 1868 was in force, and there is involved no homestead rights to the land in question. Constitution of 1868, art. 2, § § 4 and 5.

It will be observed that this is not a case where the widow has remained in the mansion, or chief dwelling house, because of the failure of the heir to assign dower. Here the widow was not living on the land, at the death of her husband, and she took no step provided by law, for the assignment of dower. Upon the contrary, she took possession of the entire tract under a claim of ownership and sold a considerable portion of it.

"Until the assignment of dower, a widow has no right under her claim of dower to enter and occupy any portion of her husband's estate, unless such right is given by statute. She has, however, the right of quarantine, and in some jurisdictions it is provided by statute, that the widow may remain in possession of certain portions of her deceased husband's estate until the assignment of dower." 14 Cyc. 962.

Notwithstanding appellee entered upon the land, without attempting to assert any dower right, this entry and the possession thereunder would not be held to be adverse, if the proof did not affirmatively show it to be such.

The duty of the heirs of the husband to assign dower is a continuing one, and the fact that they remain in possession (which was not done here), after the death of the husband, would not therefore set the statute of limitation in motion against the widow. *Livingston* v. *Cochran,* 33 Ark. 306; *Stidham* v. *Matthews,* 29 Ark. 650; *Danley* v. *Danley,* 22 Ark. 263; *Webb* v. *Smith,* 40 Ark. 24.

So, therefore, if without performing this duty, they permit the widow to enter upon the actual possession of portions of the husband's land, this entry should be presumed to be permissive, and not in hostility to the heir, unless that fact affirmatively appears. But that fact does affirmatively appear from this record. Here the

appellee, from time to time, executed various deeds, purporting to convey the fee to various lots, carved out of the land in question, and the title of all these purchasers, so far as the record shows, has been cured by possession, so that it has been asked that dower be assigned in these lands that have been conveyed away.

It is settled that if a widow conveys her dower interest before it is assigned to her, the heir may recover the land from her vendee, and the statute of limitations is set in motion against the heir when her vendee enters into the possession. *Barnett* v. *Meacham*, 62 Ark. 313. Appellee's vendees entered into possession of the lots sold them and some have so been in possession for many years. And all the circumstances in proof show that, for over thirty-five years appellee held the land under claim of ownership adversely to all the world; and we think this possession has ripened into title and the decree of the chancellor is therefore affirmed.