### JARRETT v. JARRETT.

### Opinion delivered May 18, 1914.

1. HOMESTEAD—GOVERNED BY WHAT LAW.—Deceased occupied land as his homestead when he died in 1869. A widow and children were left. The land was sold to pay debts in 1877, by an administrator under order of court. In an action between the heirs and the purchaser at the sale, *held* the rights of the parties are to be determined by the homestead laws of the State which existed at the time of deceased's death in 1869. (Page 137.)

2. HOMESTEAD—ABANDONMENT—UNDER CONSTITUTION OF 1868.—Where there are no minor children, the remarriage of the widow operates as an abandonment of the homestead, under the Constitution of 1868. (Page 137.)

3. DOWER—ASSIGNMENT OF—QUARANTINE RIGHTS—HOLDING THROUGH TENANTS.—Under Kirby's Digest, § 2704, a widow may occupy the homestead of her deceased husband, until dower is assigned to her, and she may hold this possession through tenants. (Page 137.)

4. DOWER—QUARANTINE—RIGHTS OF HEIRS.—The occupancy of the homestead by the widow, until dower is assigned to her, is not adverse to the heirs, and the statute of limitations will not run against the heirs, so long as the widow continues to occupy the premises. (Page 137.)

5. HOMESTEAD—SALE—ABANDONMENT—JURISDICTION OF PROBATE COURT.— An administrator's sale of a homestead for the debts of deceased, prior to the abandonment by the widow, is void, the probate court being without jurisdiction to order such sale. (Page 137.)

6. HOMESTEAD—ALLEGATION OF—MOTION TO MAKE MORE DEFINITE.— Where a complaint inferentially establishes that the property was deceased's homestead, in order to raise the defects in the complaint, it' is necessary for the defendant to move to make more definite and certain. (Page 138.)

Appeal from Randolph Circuit Court; *John W. Meeks,* Judge; reversed.

*R. P. Taylor* and *C. H. Henderson,* for appellant.

Under the undisputed evidence the administrator's sale was a nullity, by the provisions of the Constitution then in force, Const. 1868, art. 12, § 3. It was nearly seven years after his sale before she remarried or acquired any other homestead. 47 Ark. 445; 48 Ark. 230; 56 Ark. 563.

Having by remarriage lost her claim of homestead in the premises, she, nevertheless, still retained her widow's right of quarantine. Kirby's Dig., § 2704; 34 Ark. 63. And her possession during the quarantine period may be by tenant or agent. 45 Ark. 341.

No assignment of dower ever having been made to the widow, her possession through tenants up to the time of her death was rightful, and not adverse to the rights of the heirs, but rather in subordination to their claims.

97 Ark. 33; 126 Ala. 309, 28 So. 487; 126 Mich. 217, 85 N. W. 576.

*S. A. D. Eaton,* for appellees.

If the probate court had no jurisdiction to order the sale, the burden was upon appellant to show that fact. Appellant's proof should show that the land was the homestead of H. C. Jarrett at the time of his death, and should negative both by pleading and proof that the debts, to pay which the land was ordered sold, were of a trust nature; for, if they were trust debts, the court had jurisdiction, notwithstanding the land may have been a homestead. Const. 1868, art. 12, § 3; 67 Ark. 239.

The widow's homestead right, if she had any, ceased immediately upon her remarriage. Const. 1868, art. 12, § 5. And thereupon appellant's cause of action accrued. He is long since barred by the statute of limitations.

McCulloch, C. J. This is an action at law instituted by appellant to recover a tract of land in Randolph County, Arkansas, containing 160 acres, the parties to the action all claiming title from a common source, one H. C. Jarrett, who died on November 4, 1869, while occupying the land as his homestead. He left several children, all of whom are parties to this action, and a widow, who died in the year 1909. The widow occupied the land with her children until she remarried in the year 1884, when she and the children removed therefrom, but the widow continued to hold possession of the land through her tenants and collected the rents up to the time of her death.

There was an administrator of the estate of H. C. Jarrett, one Thomas Simington, who sold the lands under order of the court to pay debts on December 18, 1877, one Thomas Foster being the purchaser at the administrator's sale, and he subsequently conveyed to one of the defendants in this case.

The defendants plead the bar of the statute of limitation, and also defend under the conveyance to one of them from the purchaser at the administrator's sale.

The court gave a peremptory instruction in favor of the defendants, and the plaintiff has appealed.

The rights of the parties are to be determined by the homestead laws of the State which existed at the time of the death of H. C. Jarrett in the year 1869. That was under the Constitution of 1868, which provided that the homestead of the owner should, after his death, ''be exempt from the payment of his debts, in all cases, during the minority of his children, and also so long as his widow shall remain unmarried, unless she be the owner of a homestead in her own right.'' Sec. 5, art. 12, Constitution 1868.

The homestead was not subject to sale for the debts of the decedent until the widow abandoned it by remarriage in the year 1884.

It does not appear from the pleadings or proof that any of the children were minors at that time, and the remarriage of the widow operated as an abandonment of it as a homestead.

Notwithstanding her abandonment of the land as a homestead, she still had the right to occupy the premises through her tenants by virtue of her quarantine rights under the statute. Kirby's Digest, § 2704.

Her occupancy was, therefore, not adverse to the heirs, and the statute of limitation did not begin to run against any of them so long as the occupancy of the widow continued. *Brinkley* v. *Taylor,* 111 Ark. 305, 163 S. W. 521.

The administrator's sale to Foster was void for the reason that the probate court was without jurisdiction to order it prior to the abandonment by the widow. *McCloy & Trotter* v. *Arnett,* 47 Ark. 445; *Bond* v. *Montgomery,* 56 Ark. 563.

It is insisted by counsel for defendant that the allegations of the complaint are not sufficient to show that the property was the homestead of H. C. Jarrett at the time of his death, it being contended that the allegations only state conclusions of law on that subject.

We are of the opinion, however, that the allegations of the complaint are sufficient, inferentially at least, to set forth the homestead right, and that in order to properly raise the defects in the complaint a motion to make more definite and certain would be required. No such motion was presented, and the evidence establishes specifically all the facts necessary to make the property the homestead of H. C. Jarrett at the time of his death.

We are of the opinion, therefore, that the court erred in giving a peremptory instruction in favor of the defendants. Reversed and remanded for a new trial.