## NEELEY *v*. MARTIN.

## Opinion delivered October 30, 1916.

1. HOMESTEAD—DEED BY WIDOW—ABANDONMENT.—A deed to the homestead, executed by the widow, operates as an abandonment thereof by her, and when she held the lands as dower, her grantee obtained only an estate during her life.

2. DOWER—LENGTH OF ESTATE.—The widow to whom land is assigned as dower becomes a life tenant thereof, and the estate thus created ceases only at the death of such tenant.

3. ADVERSE POSSESSION—AGAINST REVERSIONER—LIFE ESTATE.—The possession of a life tenant or his successor in title does not become adverse to the reversioner until after the death of the life tenant.

4. HOMESTEAD—SALE—MINORITY OF HEIRS.—The sale of the homestead during the minority of the children is void.

5. HOMESTEAD—ABANDONMENT BY WIDOW—RIGHTS OF MINORS.—The homestead rights of minors is not affected by the widow's abandonment of the homestead.

Appeal from Prairie Chancery Court, Southern District; *John M. Elliott*, Chancellor; affirmed.

### STATEMENT BY THE COURT.

Appellant filed his petition in the chancery court of Prairie County to confirm title to certain tracts of land therein described. The appellees asked to be made parties, and contested the petition as to certain tracts of the land. To these tracts it appears that appellant and the appellees deraigned title from one Jesse Martin, deceased.

Appellant grounded his claim of title through a sale of the land made by the administrator under the orders of the probate court and a deed by the admin-

istrator to the purchaser, one H. P. Vaughan, and also a deed to Vaughan from the widow of Jesse Martin, to whom the lands had been allotted as dower, and mesne conveyances from Vaughan to appellant, and by adverse possession of himself and those under whom he claimed. Appellees claimed that they were the owners of the lands through inheritance as the sole and only heirs of Martin. The facts are substantially as follows:

Jesse Martin died on the 25th of September, 1872, leaving his widow, Narcissa Martin, and his children, Elizabeth Lanford (*nee* Martin), an adult, Joseph Martin, A. B. Martin, Henry Martin and Artimissa Martin, minors, surviving him.

Joseph Martin died, leaving a widow, Annie Martin, and one child, Viola Martin, who has since died. Also Henry Martin died, leaving a widow, but without issue. Artimissa Martin married one C. C. McDaniel. A. B. Martin, Elizabeth Lanford and Artimissa McDaniel, at the time of the decree, were the sole and only heirs of Jesse Martin, deceased.

Jesse Martin, at the time of his death, lived with his wife and minor children upon a portion of the lands in controversy as his homestead. At the February term, 1874, of the probate court, the lands in controversy were allotted to Narcissa Martin as dower in the estate of her deceased husband. Soon after the allotment of dower the widow and minor children moved away from the homestead to Faulkner county, where they resided for about twenty years.

On the 20th day of January, 1877, the reversionary interest in the lands in controversy, together with other lands, were sold by the administrator *de bonis non* under an order of the probate court for the purpose of paying the debts of the estate of Jesse Martin, deceased, and were purchased by one H. P. Vaughan, who received his deed the 31st day of December, 1879.

On the 4th day of October, 1877, Narcissa Martin, the widow, conveyed her dower interest in the lands in controversy to H. P. Vaughan. Appellant obtained

his claim of title through mesne conveyances from Vaughan. Vaughan went into actual possession of the land in 1879, and he and those claiming under him, including the appellant, have been in the actual possession of the land since that time, paying taxes and making improvements thereon.

Narcissa Martin, the widow of Jesse Martin, died on the 4th day of January, 1906, and appellant filed his petition to confirm title at the November, 1906, term of the court.

The court found that the sale of the lands in controversy by the administrator *de bonis non* of the estate of Jesse Martin, deceased, under the order of the probate court to pay the debts of the estate was void, and entered a decree confirming and quieting title in the appellees and appointed a master to state an account of the betterments, taxes and rents and directed him to report at the next term, and the appellant duly prosecutes this appeal. Any other facts necessary will be stated in the opinion.

*Roy D. Campbell*, for appellant.

1. The conveyance by Narcissa Martin of her homestead and dower interest in the lands of her deceased husband was an abandonment of her claim, and thereupon the right of action of the heirs became complete and the statute of limitations began to run against them. 48 Ark. 235, 237; 65 Ark. 70; 72 Ark. 540; 79 Ark. 410; 105 Ark. 646.

2. Appellant's title by adverse possession is good as to A. B. Martin, Artimissa McDaniel (*nee* Martin), and Elizabeth Lanford (*nee* Martin). A. B. Martin became of age July 15, 1891, and the three years allowed him by law in which to bring suit after reaching his maturity, expired July 15, 1894; Artimissa McDaniel became of age July 2, 1890, and her three years expired July 2, 1893, and Elizabeth Lanford, as appears by the record was of age at the time of the death of her father. As to her it does not appear when she married, or that her husband is living, but since it is neither

pleaded nor brought into the evidence that she is under the disability of coverture, that fact can not be relied upon as a bar in this action.  22 Ark. 164; 72 Ark. 543.

3.   The sale of the lands in question having been ordered by the probate court after they had been abandoned by the widow, the same became assets in the hands of the administrator for the payment of the debts of the Martin estate.  48 Ark. 237; 65 Ark. 68.

*W. A. Leach,* for appellee.

1.   Sale of the homestead during the minority of the children to pay debts of the estate is void.  29 Ark. 412; 28 Ark. 485; 29 Ark. 635; 1 Ark. Law Rep. 291; 115 Ark. 359; 56 Ark. 574; *Id.* 563; 52 Ark. 213; 50 Ark. 329; 49 Ark. 78.  If the widow abandoned the homestead prior to the order of sale, that did not constitute an abandonment by the minors, nor did the land thus become assets in the hands of the administrator.  A minor can neither waive nor abandon his homestead. 37 Ark. 633; 29 Ark. 633; *Id.* 280; 92 Ark. 142.

2.   Appellant has not acquired title by adverse possession.  The widow to whom land is assigned as dower becomes a life tenant, and this life estate she may sell or lease.  In this case the widow's deed to Vaughan vested him with this life estate, which ceased only at her death.  14 Cyc. 1013; 93 Ark. 353; 31 Ark. 576.

The possession of a life tenant or one who holds under him is not adverse to those who hold in reversion. 115 Ark. 359; 116 Ark. 233; 98 Ark. 30; 74 Ark. 81; 69 Ark. 539; 65 Ark. 90; 60 Ark. 70; 58 Ark. 510; 43 Ark. 427; 35 Ark. 84.  See, also, 1 Cyc. 1057; *Id.* 1058; 87 Ark. 428; 83 Ark. 196; 58 Ark. 400.

WOOD, J., (after stating the facts).   The deed from Narcissa Martin, the widow of Jesse Martin, to H. P. Vaughan, recites  that for the consideration named, she sold the lands allotted to her as dower (describing the lands in controversy), and at the conclusion of the deed is this recital:  "I am only selling

whatever claim or interest I have therein, said lands having been previously sold for taxes."

In *Killeam* v. *Carter*, 65 Ark. 70, we said: "The law wisely grants to the widow the privilege of occupying the homestead as long as she desires. But it is a privilege purely personal to her, which she can neither convey to nor share with another. She may enjoy the rents and profits only so long as she intends it as a home. Strictly speaking, she has no estate in the land itself, but only the privilege of occupancy. Alienation by her confers no rights, but it means abandonment, and the termination of her right of homestead. Not so with an estate for life. That terminates only upon the death of the life tenant."

(1) The deed of Narcissa Martin to H. P. Vaughan constituted an abandonment of her homestead, and at the same time it conveyed to Vaughan the only estate which she held in the lands, towit, her dower interest, which vested in Martin an estate in the lands during her life.

Appellant contends that Vaughan and those claiming under him had adverse possession of the lands from October 4, 1877, the date of the deed of Narcissa Martin, to H. P. Vaughan.

Jesse Martin died in 1872, and appellee A. B. Martin was born in 1870. He became of age the 15th of July, 1891, and he could have instituted suit three years thereafter, towit, on the 15th day of July, 1894.

Appellee Artimissa McDaniel was born July 2, 1872, and became of age July 2, 1890, and could have instituted suit for these lands July 2, 1893. Although she married in 1900, her coverture is not alleged to defeat the claim of adverse possession.

Appellee Elizabeth Lanford was an adult at the time of her father's death, and her coverture also is not alleged to defeat the claim of adverse possession.

Appellant therefore contends that all the appellees, after they were entitled to sue, had to take notice of the abandonment of the lands by Narcissa Martin in 1877, and of the adverse possession thereof since

that time by appellant and those under whom he claims
title; that more than seven years' adverse possession
by the appellant, and those under whom he claims
title, had intervened since the time when appellees
were entitled to sue and November, 1906, the date
when they filed their petition to have the title confirmed
in them.

(2)  This contention is unsound.  The allotment of
dower to Mrs. Narcissa Martin of the lands in con-
troversy vested in her a freehold in those lands for life.
Through successive conveyances this estate was vested
in appellant, and he continued to hold the same until
the estate terminated with the death of Mrs. Martin
on January 4, 1906.  "The widow to whom land is as-
signed as dower becomes a life tenant," and the estate
thus created ceases only at the death of such tenant.  14
Cyc. 1013.  See also *Nashville Lumber Co.* v. *Barefield*,
93 Ark. 353; *Tate* v. *Jay*, *31* Ark. 576; *Killeam* v. *Carter*,
*supra*.

(3)  The possession of Mrs. Narcissa Martin and
those claiming under her through successive deeds to
and including appellant was not adverse to the appel-
lees, for the possession of a life tenant or his successors
in title does not become adverse to the reversioner until
after the death of the life tenant.  *LeSieur* v. *Spikes*,
117 Ark. 366; *Rogers* v. *Ogburn*, 116 Ark. 233, and
cases cited; *Martin* v. *Conner*, 115 Ark. 359.  Appellant
had been in possession of the land after the death of
Narcissa Martin about eleven months when appellees
contested his petition for confirmation, and sought by
cross action to have title confirmed and quieted in them-
selves.  It follows that appellant acquired no title by
adverse possession.

(4)  At the time of the sale of the land in suit by
the administrator of Jesse Martin to pay the debts of
his estate, these lands constituted the homestead of
his minor children and the sale was therefore void.
*Tipton, Admr., Ex parte*, 123 Ark. 389; *Martin* v. *Con-
ner, supra*.

(5) The homestead right of the minors was not affected by the widow's abandonment of the homestead. *Smith* v. *Scott*, 92 Ark. 143; *Martin* v. *Conner, supra.* Vaughan therefore acquired no title to the lands in suit by his purchase at the probate sale, and appellant obtained no title from that source.

There is no testimony in the record to warrant a finding that appellees were estopped from maintaining this suit. What we have already said shows that they are not barred by laches. Appellant was entitled to the possession of the lands until Narcissa Martin died. The appellees, reversioners in title, could not have maintained a suit for possession thereof until after the death of the life tenant. 1 Cyc. pp. 1057-58; *Ogden* v. *Odgen*, 60 Ark. 70; *Martin* v. *Conner, supra*; and other cases cited in brief for appellees. Appellees challenged appellant's efforts to destroy their title as soon as he began them, and affirmatively set up their own title in opposition to his claim in less than a year after the date when they could first do so.

The decree is correct and is affirmed.