STOVER *v.* HOLMAN.

5-1670                                                317 S. W. 2d 722

Opinion delivered November 10, 1958.

*Carlos B. Hill,* for appellant.

*J. E. Simpson,* for appellee.

SAM ROBINSON, Associate Justice.   In the year 1922 J. A. Holman died intestate, leaving a widow and seven children, and a homestead consisting of 120 acres.   On the 23rd day of July, 1945, appellant, J. S. Stover, entered into a written contract with the widow whereby he agreed to purchase, and Mrs. Holman agreed to sell, the 120 acres.   Mrs. Holman agreed to perfect the title and to give Stover possession of the property while necessary procedure was being taken to enable her to give him a warranty deed to the property.   The purchase price was $700, of which $10 was paid in cash.   On the 12th day of December, 1945, Mrs. Holman and four of

her children executed to Stover and his wife a warranty deed to the land. However, two of Mrs. Holman's children who had become of age did not sign the deed; also not parties to the deed were two minor children of a deceased child. Later, by proper procedure, the interest of the minors was conveyed to Stover. Stover's deeds were placed of record and he took possession of the property.

During the trial of this case Mrs. Holman testified that although the deed had been' executed by her and four of her children, it was not actually delivered to Stover, and she does not know how he acquired it.

A short time after Mrs. Holman and four of the children executed a deed to Stover, they executed and delivered a warranty deed to Carl Holman, another son of Mrs. Holman. Carl had not conveyed to Stover; neither had Thelma Frazier, a daughter of Mrs. Holman, conveyed to Stover, but she executed and delivered to her brother, Carl Holman, a deed to her interest in the property. Assuming that the deed from Mrs. Holman and four of her children to Stover was not delivered, then the deeds to Carl Holman by Mrs. Holman and all of his brothers and sisters then living conveyed to him title to their interest in the property. There is no question about the validity of the conveyance to Stover by the two minors of their interest in the property.

On May 1, 1947, appellee here, Carl Holman, filed suit against appellant, Stover, and his wife, alleging, among other things, that he, Holman, owned a 6/7ths interest in the property. Stover answered and denied the allegation. Later, on the 8th day of December, 1947, the suit was dismissed for failure to prosecute. On the 15th day of December, 1956, the present suit was filed by Stover to clear the title. He claims the property by deed and by adverse possession. The trial court held that Stover owns a 5/7ths interest and Carl Holman owns 2/7ths interest. It will be recalled that Carl and his sister, Thelma Frazier, had never signed a deed to Stover, but that Thelma Frazier did convey to Carl Holman.

Stover has appealed, contending that he owns all of the property by deed and by adverse possession. Regardless of the validity of the deed to Stover by Mrs. Holman and four of the children, the fact remains that Mrs. Holman and five of the children (there is no contention that Stover does not own the 1/7th interest acquired from the two minor children of a deceased child) conveyed their interest in the property to appellee, Carl Holman, and even though it can be said that at one time Holman and Stover were cotenants, Stover has acquired by adverse possession all the interest Carl Holman ever owned. The deeds to Holman by his mother and sisters and brothers were executed and delivered in 1945. Incidentally, the conveyance of a homestead by the widow amounts to an abandonment which affords grounds of re-entry by the holders of the title in remainder. *Murphy v. Graves,* 170 Ark. 180, 279 S. W. 359; *Bowen v. Black,* 170 Ark. 237, 279 S. W. 782; *Clark v. Friend,* 174 Ark. 26, 295 S. W. 392.

Subsequently Carl Holman filed a partition suit in which he made Stover a party and claimed to own an interest in the property. Stover answered and denied that Holman owned any interest. Later, on December 8, 1947, the suit was dismissed for failure to prosecute. Certainly at that early date Holman knew that Stover was denying Holman's claim of ownership, and moreover, the record shows conclusively, beyond a shadow of a doubt, that Holman has been well aware of the fact that Stover has had possession of the property and was claiming ownership of all of it. In addition to other evidence in the case to the effect that Holman knew of Stover's claim of ownership, Holman testified:

"Q. . . . You have never collected any rent?

A. No, never collected nothing.

Q. You haven't paid any taxes on it?

A. No, he (meaning Stover) said it was his.

. . .

Q. Carl, when did you first learn that Mr. Stover was in charge out there, of that place?

A. Well, he took charge, I reckon, just as they made him out a deed.

Q. When did you learn about it?

A. Well, I can't tell you exactly when it was, anyway it was when we started the suit up here against him, 1945, I guess it was.

. . .

Q. When he took possession?

A. Well, I knowed it when I went down there — where he run me off.

Q. In other words, he told you to get off?

A. He told me to get off.

Q. Told you that he owned the place?

A. That (it) was his and he was claiming it.

Q. You know he has been there ever since?

A. I ain't been back.

Q. As far as you know he has?

A. Yes.

Q. Now you filed suit here in '47?

A. Yes, sir.''

Although appellant, Stover, at one time was a cotenant with appellee, Carl Holman, Stover has acquired good title to the property under the law of adverse possession. In the recent case of *Reese* v. *Cox,* 229 Ark. 623, 317 S. W. 2d 135, we said: ''Where the adverse claimant has entered as a tenant in common, it is necessary for such claimant to give notice, either actual or by unmistakable acts, to his cotenants that he is holding adversely, or the statute will not run against such cotenants.'' Citing *Woolfolk* v. *Davis,* 225 Ark. 722, 285 S. W. 2d 321. See also: *Jones* v. *Morgan,* 196 Ark. 1153, 121 S. W. 2d 96. The record in the case at bar shows conclusively that Stover gave Carl Holman notice that he

was holding adversely to any claim of ownership on the part of Holman.

Reversed.