STRATTON *v*. CORDER.

5-2988                                                      366 S. W. 2d 894

Opinion delivered April 22, 1963.

*John L. Anderson,* for appellant.

*George K. Cracraft, Jr.,* for appellee.

ED. F. McFADDIN, Associate Justice. The posed question is the validity of a gift *inter vivos.* The appellants and appellees together constitute all the heirs at law of R. E. Corder, who died intestate on November 27, 1960, possessed of considerable realty. His estate has been administered and the heirs desire to partition the property. The only issue on this appeal is the validity and effect to be given an instrument executed by R. E. Corder to the appellee, Monte E. Corder.

In December 1952 R. E. Corder was the owner of the store building in Helena, Arkansas, described as 416 York Street, and Monte E. Corder was operating the Corder Furniture Store in said building. On December 16th Mr. R. E. Corder executed the following instrument:

"In consideration of the affection that I have for my nephew, I, R. E. Corder, give to my said nephew, Monte E. Corder, the right to occupy a store building located at 416 York Street, Helena, Arkansas, where he

now operates the Corder Furniture Company free of rental charges so long as he desires to continue said operation. /s/ R. E. Corder.''

This instrument was duly acknowledged and placed of record in Phillips County, Arkansas, by R. E. Corder, and delivered by him to Monte E. Corder, who has continued at all times from December 16, 1952 to the present to operate the Corder Furniture Store at 416 York Street, and has paid no rent to anyone for such use.

The appellants, as plaintiffs, filed this suit, praying that the said instrument be declared null and void and that the property be sold free of any claims of Monte E. Corder under said instrument. The appellees claim the instrument to be valid. The Chancery decree was in favor of the validity of the instrument;[1] and on this appeal the

---

[1] The Chancellor rendered a written opinion, which we copy:

"It is my understanding that at this stage of the litigation between the parties to this action the Chancellor is requested to make a determination only of the legal effect of the certain written instrument dated December 16th, 1952, executed by R. E. Corder, by which he gave or undertook to give to his nephew, Monte Corder, the right to occupy a store building located at 416 York Street in Helena, Arkansas, where he at this time operated the Corder Furniture Company free of rental as long as he desires to continue said operation. The instrument was executed by R. E. Corder, acknowledged in proper form and placed of record in the Recorder's Office which indicates delivery. As the stipulation seems to indicate possession and occupancy has been exercised by Monte Corder for nearly ten years since the date of the instrument. The question for decision seems to be to determine if Monte Corder has the right to continue to occupy the building free of rent as against the heirs and next of kin of R. E. Corder, deceased. The record seems to indicate that R. E. Corder died intestate and there was no testamentary provision with reference to this property or any of his other assets . . .

"I do not term this instrument as a lease agreement as between the parties making it but rather the donation or gift of a property right by an uncle to his nephew. The intentions of R. E. Corder as reflected by the writing appear to be definite and certain and I do not find any legal preclusion which would negate such a conveyance. While the instrument is not drawn as a good lawyer would have drawn it, the writing is clear and unambiguous though the term 'as long as he desires to continue said operation' could have been couched in more certain terms. I think it is manifest that R. E. Corder intended for Monte E. Corder to occupy the premises for so long a time as he operated the furniture company in the location, and he should be permitted to continue his occupancy free of rent until he ceases to use the building for that purpose. Of course there would be no title in Monte Corder under the instrument and the rights he acquires by reason of it would terminate upon his death. The grant under the instrument could not be enlarged to include any other property or buildings other than at 416 York Street, Helena, Arkansas."

appellants urge two points, which we now list and then consider together in deciding this case:

"I. The instrument in question does not meet the requirements of a gift '*inter vivos*'.

"II. The instrument in question does not meet the requirements of a lease agreement and is void for uncertainty."

The intention of R. E. Corder is clear; but the appellants insist that such intention was not accomplished in compliance with legal requirements. We agree with the Chancery decree that the instrument is valid. It was a completed gift *inter vivos* and conveyed to Monte E. Corder a right in the property analogous to a widow's right of homestead. To make a valid gift *inter vivos*: (a) the donor at the time must have been of sound mind; (b) must have actually delivered the subject matter of the gift to the donee; (c) by such act must have intended to pass title thereto to the donee to take effect immediately; and (d) the donee must have actually accepted it as a gift. These are the requirements specifically stated in *Lowe* v. *Hart,* 93 Ark. 548, 125 S. W. 1030, and recognized in the authorities generally (24 Am. Jur. p. 738 *et seq.*, "Gifts" § 20 *et seq.*).

(a) That the donor, R. E. Corder, was of sound mind has not been questioned in this case. (b) That R. E. Corder actually delivered the subject matter of the gift to Monte E. Corder is clearly established, because Monte E. Corder was in possession of the property and the instrument was delivered and placed of record. 24 Am. Jur. p. 749, "Gifts" § 32 *et seq.*; 28 C. J. p. 637, "Gifts," § 26; 38 C.J.S. p. 802, "Gifts" § 22; Annotations in 63 A.L.R. 545 and 48 A.L.R. 2d 1409. (c) That R. E. Corder intended to pass to the donee the title of the gift (*i.e.,* the **free use of the property for the limited time**) is established by the fact that R. E. Corder continued to live from 1952 to 1960 and saw his donee occupy the property, rent free, during all such period of time. (d) That the donee, Monte E. Corder, accepted the gift is established by the fact that he has continued at all times in possession of the property, rent free. A gift *inter vivos* may be of

any kind of property, *i.e.*, real, personal, or mixed. 24 Am. Jur. p. 763 *et seq.*, ''Gifts'' § 66 *et seq.; 38 C.J.S. p. 808, ''Gifts'' § 30 *et seq.*

The appellants insist that the gift was *conditional,* since the free use of the building was to be for only so long as Monte E. Corder operated a furniture store therein. We hold the gift was absolutely unconditional. It was beyond the power of the donor, R. E. Corder, to make a termination of the gift after the delivery. The fact that when the gift should expire by its terms there would be a reversion to the estate of R. E. Corder did not and does not keep the gift from being unconditional. The reverter did not make the gift conditional: it showed the termination of the right of Monte E. Corder. The fact that on December 16, 1952, R. E. Corder did not know for how long such use would continue did not make the gift conditional or defeasible or uncertain.

The appellants insist that the instrument did not create a valid estate; and that at most it was an estate at sufferance and therefore could be terminated by either party. We do not agree with appellants' contention. As we have said, the right of Monte E. Corder to use the store building at 416 York Street is analogous in many respects to the homestead right of a widow under Art. 9, § 6 of our Constitution. She has a homestead right for her life, subject to abandonment. *Garibaldi* v. *Jones,* 48 Ark. 230, 1 S. W. 149; *Neeley* v. *Martin,* 126 Ark. 1, 189 S. W. 182; *Van Pelt* v. *Johnson,* 212 Ark. 398, 259 S. W. 2d 519. In the case at bar, Monte E. Corder had the personal right to use the store building for a furniture store, subject to abandonment.

Finding no error, the decree of the Chancery Court is affirmed.