Nora GIBSON *v.* Merna W. GIBSON and
Cecil L. GIBSON

78-116                                              572 S.W. 2d 148

Opinion delivered October 23, 1978
(Division II)

*Bradley & Coleman,* by: *Douglas Bradley,* for appellant.

*Moore & Gibson, P.A.,* by: *Michael L. Gibson,* for appellees.

JOHN A. FOGLEMAN, Justice. Appellant Nora Gibson, widow of Herman Gibson, was assigned an 80-acre homestead by the Probate Court of Craighead County. She filed a partition suit against the appellees, the two sons of Herman Gibson, in the Chancery Court of Craighead County. The sons, as heirs and devisees of Herman Gibson, were

the owners of the 80-acre tract, subject to Nora Gibson's homestead. Appellees moved that the suit be dismissed. This appeal was taken from the order granting this motion. We find no basis for reversal.

It has been said that the right to partition is purely statutory. *Fullerton v. Storthz Bros. Inv. Co.*, 190 Ark. 198, 77 S.W. 2d 966. This statement is not to be taken literally. It does not mean that equity courts have no jurisdiction to partition lands except that conferred by statute. See *Patton v. Wagner*, 19 Ark. 233; *Dunbar v. Bourland*, 88 Ark. 153, 114 S.W. 467; *Moore v. Willey*, 77 Ark. 317, 91 S.W. 184; *Pasteur v. Niswanger*, 226 Ark. 486, 290 S.W. 2d 852; *Overton v. Porterfield*, 206 Ark. 784, 177 S.W. 2d 735. Equitable jurisdiction, in the absence of statute, however, has been confined to situations in which a cotenancy exists between parties to the action. *Lester v. Kirtley*, 83 Ark. 554, 104 S.W. 213. See *Walker v. Eller*, 178 Ark. 183, 10 S.W. 2d 14; *Krickerberg v. Hoff*, 201 Ark. 63, 143 S.W. 2d 560; *Phillips v. First National Bank of Van Buren*, 179 Ark. 605, 17 S.W. 2d 298. The very definition of the word partition is that it is a division of lands held by joint tenants, coparcenors, or tenants in common. Black's Law Dictionary (4th Ed.). There is no such tenancy here. Consequently, if there is any authority for such a partition it must be found in Ark. Stat. Ann. § 34-1801 (Supp. 1977).

The statute provides for partition upon petition of "[a]ny persons having any interest in and desiring a division of land held in joint tenancy, in common, as assigned or unassigned dower, as assigned or unassigned curtesy, or in coparceny, absolutely or subject to the life estate of another or otherwise." Appellant concedes that the right of partition of a homestead interest is not mentioned in the statute, unless it is included in the word "otherwise." We simply cannot see how this word can be taken to be so all-inclusive. In *Monroe v. Monroe*, 226 Ark. 805, 294 S.W. 2d 338, we held that the words "or otherwise" in this section modified and referred to "the life estate of another" and not to the clause describing the manner in which the land sought to be divided must be held. Nothing in Act 324 of 1957 has changed the words modified by the phrase "or otherwise." If this word "otherwise" had been as broad in scope as appellant con-

tends, it would have been adequate authority for partition between a life tenant and a remainderman upon the petition of the former. We held, however, that a life tenant entitled to the exclusive possession could not maintain a partition suit against vested remaindermen in *Bowman v. Phillips*, 260 Ark. 496, 542 S.W. 2d 740, decided after the act had been amended by Act 324 of 1957. There we pointed out that there might be solid reasons of public policy for denying a life tenant the right to partition by public sale. As an example, we mentioned that a life tenant might be suffering from an illness reducing his life expectancy below that shown by the statutory tables.

There is even more reason for denying partition to the holder of a derivative homestead right such as that involved here. It is not actually a life estate. It is an interest that almost defies definition. We have said, at times, that it is not an estate at all, but only the privilege of occupancy. See *Neeley v. Martin*, 126 Ark. 1, 189 S.W. 182. Our latest, and perhaps best, effort to define it was in the opinion in *Maloney v. McCullough*, 215 Ark. 570, 221 S.W. 2d 770, where we said:

> Homestead is a valuable right, interest or estate in land which vests in the widow "during her natural life" under Art. 9, Sec. 6 of our Constitution unless and until abandoned or forfeited by the widow.

The right is purely personal to the widow. *Neeley v. Martin*, supra. In *Henderson v. Henderson*, 212 Ark. 31, 204 S.W. 2d 911, it is described as "individual and indivisible." The rents and profits from the land are vested in the widow, but any attempt by her to convey her rights constitutes an abandonment. *Warren v. Martin*, 168 Ark. 682, 272 S.W. 367; *Sheppard v. Zeppa, Trustee*, 199 Ark. 1, 133 S.W. 2d 860. She would also abandon her homestead rights if the heirs sought partition and she did not assert them. *Henderson v. Henderson*, supra.

An excellent summary of the Arkansas law in this respect is found in the opinion of Chief Judge (now Circuit Judge) Henley in *U.S. v. 164.51 Acres of Land, Etc.*, 205 F. Supp. 202 (E.D., 1962). He said:

*** In Arkansas the "homestead estate" created by the Constitution is not a conventional life estate, although it is frequently called such and, indeed, for certain purposes is such. See in this connection: Jones "Arkansas Titles," § 893 including 1959 Annotated Supplement; *Meadows* v. *Hardcastle,* 219 Ark. 406, 242 S.W. 2d 710; *Maloney* v. *McCullough,* 215 Ark. 570, 221 S.W. 2d 770; *Killeam* v. *Carter,* 65 Ark. 68, 44 S.W. 1032; *Barnett* v. *Meacham,* 62 Ark. 313, 35 S.W. 533. It differs from the conventional life estate in that it is purely personal to the widow and minor children of the decedent. While the widow is not required to live upon the homestead premises, and while a re-marriage by her does not deprive her of homestead rights, still, her interest being personal to her is not transferable, and a sale by her of the homestead interest or of the lands affected by the homestead estate conveys nothing to the grantee but amounts to an abandonment of the homestead by the widow, which gives the heirs a right to the immediate possession of the property. *Meadows* v. *Hardcastle,* supra; *Stover* v. *Holman,* 229 Ark. 658, 317 S.W. 2d 722; *Rone* v. *Sawrey,* 197 Ark. 472, 123 S.W. 2d 524; *Henry* v. *Dollin,* 195 Ark. 607, 113 S.W. 2d 97; *Clark* v. *Friend,* 174 Ark. 26, 295 S.W. 392; *Brinkley* v. *Taylor,* 111 Ark. 305, 163 S.W. 521; *Barnett* v. *Meacham,* supra.

We do not see how the widow's homestead right can be measured or valued so that a division of land with the heirs or devisees of the deceased husband can be had, either in kind or by distribution of the proceeds of sale.

Appellant points out that we held in *Henderson* v. *Henderson,* 212 Ark. 31, 204 S.W. 2d 911, that a homestead interest can be partitioned with the widow's consent. This certainly does not mean that the widow having a homestead right can force a partition.

The decree is affirmed.

We agree. HARRIS, C.J., and BYRD and HICKMAN, JJ.